Edwards, J. (Dissenting.)
 

 The question which is presented is, whether the right-of a mortgagor of personal property to remain in possession for a fixed period, is such an interest as can be taken in execution. The principle has frequently been recognized in our courts that it is.
 
 (Marsh
 
 v.
 
 Lawrence,
 
 4
 
 Cow.
 
 61;
 
 Otis
 
 v.
 
 Wood,
 
 3
 
 Wend.
 
 498;
 
 Bailey
 
 v.
 
 Barton,
 
 8
 
 id.
 
 347, 8;
 
 Wheeler
 
 v.
 
 McFarland,
 
 10
 
 id.
 
 318;
 
 Mattison
 
 v.
 
 Baucus,
 
 1
 
 Comst.
 
 293.) And it was expressly so held in the
 
 *503
 
 case of
 
 McCracken
 
 v.
 
 Luce,
 
 referred to in 3
 
 Wend.
 
 500. It is well settled that the interest of a lessee of personal property is subject to execution. (
 
 Ward
 
 v.
 
 Macauley,
 
 4
 
 T. R.
 
 489;
 
 Gordon
 
 v.
 
 Harper,
 
 7
 
 id.
 
 9;
 
 Van Antwerp
 
 v.
 
 Newman, 2 Cow.
 
 543: Otis v. Wood,
 
 supra.)
 
 The interest of a lessee is merely a right of possession and enjoyment for a definite time, and there can be no good reason why an interest of a similar character, in a mortgagor, should not be equally amenable to the claims of creditors. If then a sheriff, under an execution against a mortgagor of personal property, who has a right of possession for a fixed period, levies upon and takes such interest, he incurs no legal liability. He does nothing but what the law authorizes him to do.
 

 But suppose that, instead of taking the mortgagor’s interest, he takes and sells the property absolutely, does he then incur any liability? He certainly does not during the period fixed for the mortgagor’s possession, as the mortgagee has neither possession, nor the right of possession, and as no injury is done to the reversion, he has no present cause of aption.
 
 (Gordon
 
 v.
 
 Harper, sup.)
 
 But is the mortgagee without remedy against the sheriff, after the time limited for the mortgagor’s right of possession is at an end ? I think not. It has been said, and undoubtedly truly, that after the mortgagee’s right to the property has become absolute, he may claim it wherever he can find it. But it does not follow that this is his only claim. In the present case, it appears that the defendants knew that the property levied upon was subject to the plaintiff’s mortgage, They knew that under that mortgage the mortgagor claimed no other interest in the property than a right of possession, and, instead of taking and selling that interest, the defendant Colton, who was the plaintiff in the execution, gave a bond of indemnity to the sheriff, who thereupon took the property and sold it absolutely ; treating' the mortgage as fraudulent and void.
 

 After default was made in the payment of the money secured by the mortgage, the plaintiff demanded the property from the sheriff, and upon his refusal to deliver it, he having sold it, the
 
 *504
 
 plaintiff brought this action. At the time when the action was commenced, the plaintiff was entitled to the possession of the property as absolute owner; it had been taken by the defendants, and they were accountable for it, unless they could show a sufficient legal justification for their acts. They could not justify under the execution; for that was against the mortgagor, and authorized a sale of his interest only. They could not say that the only claim of the mortgagee was against those who were then in possession of the property; for the defendants had been wrongdoers from the beginning, and when the plaintiff’s right to the possession accrued they were still wrongdoers, and could only discharge themselves by a delivery of the property, or at least, by satisfying the debt of the plaintiff.
 

 But it is said on the part of the defendants, that the sheriff, having a right to take possession of the property for the purposes of the sale of the mortgagor’s interest, and to deliver possession to the purchaser, was not bound to state that the property was subject to a mortgage. The answer to this is, that the execution authorized him to sell the property of the defendant in the execution, and nothing more. If he chose to sell the property of a third person, there is no immunity which protects a sheriff, who thus acts without right, any more than it will protect any other wrongdoer. In the case of a lease of personal property, the sheriff who has an execution against the lessee has a right to take possession of the property, and to deliver possession to the purchaser of the lessee’s interest; but it does not follow that he has the right to treat the property as if the lessee were the absolute owner. Neither would he be justified in saying to the lessor, after his right of possession had accrued, that although he had no right to sell the property absolutely, yet that the only claim of the injured party was against the purchaser, or the party then in possession. If such a justification was allowable, then we would have this extraordinary principle established, that an execution creditor of a lessee of personal property, dr of a mortgagor having a right of possession for a limited time, might sell the whole property, and receive its full value, or in
 
 *505
 
 other words, might treat the lessee, or mortgagor in possession, as the absolute owner, without subjecting himself to any liability whatsoever. Such, I think, is not and cannot be the law. But, for the purpose of testing the principle, let us carry it out in its practical operation, and see where it will lead us. If a sheriff, under an execution against a judgment debtor, who has an interest in personal property, either as lessee or as mortgagor with the right of possession for a definite period, can sell the property absolutely, and obtain the full value thereof, the purchaser at such sale may do the same thing. There is no distinction between the two cases. The right of the purchaser is equal to that of the sheriff. It follows then that, as far as the claims of judgment creditors are concerned, a lessee, or mortgagor in possession of personal property, is in effect the absolute owner during the continuance of his term, and may be so treated. The judgment creditor thus possesses a privilege which, hitherto, he has probably never dreamed of. It will be no longer necessary for him to contend that the possession of the mortgagor furnishes evidence of fraud ; neither will it be necessary for the sheriff to require a bond of indemnity against damage, in case that he sells the property absolutely, and treats the mortgage as a nullity. The rights of the mortgagee will undergo a suspended animation until the term of the mortgagor is at an end, and then the only rights that the mortgagee will have will be to claim possession of his property, if he can find it. But I am told that the mortgagee might be subjected to inconveniences, even if nothing but the interest of the mortgagor were sold. If so, and they were simply the natural consequences of proceedings strictly legal, no one would have any cause for complaint. But the case is very different as to the consequences of an illegal act. In the present case, it appears that the sheriff was unwilling to treat the mortgage as fraudulent and void, and it was not until the judgment creditor gave him a bond of indemnity that he would consent to do so. But, if the doctrine contended for be sound, this was a useless ceremony. The sheriff thought that unless the mortgage was found
 
 *506
 
 to be fraudulent, lie would be liable as a wrongdoer; but in this he was mistaken.
 

 I think that the fallacy on which this conclusion is founded, arises from confounding property in a thing, with the thing itself. The chattel which is the subject of a mortgage with a right of possession reserved to the mortgagor is one thing, but the right of property in the chattel, is a different thing. The chattel is single, but it is the subject of two 'kinds of property. The right of possession for a limited 'time is "one species of property, and is vested in one person; the absolute right of property, or the reversion, is a different kind of property, and is vested in another person. It is said,-however, that the sheriff who sells the whole property under an execution against the mortgagor1 does no wrong, for the 'reason that the purchaser cannot acquire a title tó any more than the sheriff had a right to sell. If that be good reasoning, then it may with equal propriety be said that when a sheriff in an execution against A. takes- and sells the property of B., he does no wrong, for the purchaser acquires no right to the property thus sold. Property of which A. is owner cannot be taken and sold under an execution against B. , and I cannot see upon what sound principle of logic the property of A. can be made liable for the debt of B., when that property arises out of a thing in which B. has another and a totally different kind of property, any more than it can be when the subject matter of property consists of two different things. A sheriff must always make a levy at his peril; that is, under an execution against A., he can take and sell only the property of A., and if he takes and sells the property of B. he must suffer the consequences. This has never hitherto been considered as a hardship; and I can see no reason why it is a greater hardship to insist that the' sheriff shall respect a right of property of one kind, than it is to insist that he shall respect a right of property of another kind.
 

 The case of
 
 Van Antwerp
 
 v.
 
 Newman,
 
 (2
 
 Cow.
 
 543,) ' has been referred to as sustaining the doctrine contended for on the part of the defendants. In the marginal note of that case, it is
 
 *507
 
 stated that if a sheriff, who has an execution against a lessee of personal property, sell the goods as the absolute property of the tenant, not mentioning his special property, though he knew of it, no action lies against him for this act, at the suit of the lessor, for it does not divest the lessor’s right, or impair his reversionary interest. The rule here laid down is unqualified, and it seems to sustain the doctrine contended for by the defense. But it will be seen, upon examination, that the reporter’s note is not warranted by the decision. Indeed no such decision could have been made upon the facts of the case before the court. The statement of the case says that the sale was made, and the action commenced, during the term for which the goods were out upon lease; and the court in giving their opinion say, not that the owner of the reversion would not have a right of action at any time, but that he was premature in bringing his suit, thus leaving the implication that the suit might be commenced when the lease was at an end. In my judgment, the doctrine contended for by the defendants is without authority, and cannot be sustained upon principle, and there is good reason to fear that its adoption will be productive of mischievous consequences.
 

 I think that the court below held correctly that the defendants are liable to the plaintiff for the whole amount secured by his mortgage with interest, it being less than the admitted value of the property, and that the judgment should be affirmed.
 

 Gardiner, 0. J., Selden, Parker and Allen, Js., concurred in the opinion of Denio, J. Johnson and Ruggles, Js., took no part in the decision.
 

 Judgment reversed.