### GRAFFLIN v. JACKSON AND OTHERS.

1. The general replication *de injuria* cannot be pleaded to a plea denying or amounting to a denial of the plaintiff's cause of action.
2. Objection to a replication *de injuria* cannot be taken by a general demurrer. It can only be made available by a motion to strike out.
3. A plea which in its commencement professes to answer the whole count, and in its body answers part only, is bad.
4. In an action on the case by the owner of chattels leased by a third person against an officer for selling them under an execution against the lessee, the damages sustained by the plaintiff are the foundation

of the action, and a plea that the officer sued and sold only the right, title, and interest of the lessee, and that the plaintiff had not, at the time of the commencement of the suit, and would not sustain any damage by reason of the premises, is a good plea.

On demurrer to replications.

This action was brought against the defendants for an injury to the plaintiff's reversionary interest in certain goods and chattels.

The declaration alleges that the plaintiff, before, &c., was the owner of divers goods and chattels, to wit, (enumerating them,) which said goods and chattels had been, and were before then, let to hire to one C. M. D. and to one J. R. D., for a certain time to come, and then unexpired, and the same were then in the possession of the said C. M. D. and J. R. D., under and by virtue of the said letting, to wit, at, &c., yet the said defendants, well knowing the premises, but contriving, and wrongfully and unjustly intending to injure, prejudice, and aggrieve the said plaintiff in his reversionary interest and property in the said goods and chattels, and to deprive him of the benefit and advantage thereof, whilst the said plaintiff so was the owner of the said goods and chattels, and whilst the same were so let to and in the possession of the said C. M. D. and J. R. D., as aforesaid, to wit, on, &c., at, &c., wrongfully and unjustly seized and took the said goods and chattels of the said plaintiff from and out of the possession of the said C. M. D. and J. R. D., and converted and absolutely sold and disposed thereof to their own use. And thereby the said plaintiff hath been and is greatly injured, prejudiced, and aggrieved in his reversionary estate and interest of and in the said goods and chattels, to wit, at, &c.

To this declaration, in addition to the general issue, the defendants pleaded *actio non*, because they say that the defendant, James Jackson, on the first day of February, A. D. 1876, by the judgment and consideration of this court, recovered against the said J. R. D. and C. M. D., the sum of

$8711.96 for his damages and costs, as by the record and proceedings thereof still remaining, &c., more fully and at large appears; that, upon said judgment, a writ of execution was issued to Patrick H. Laverty, sheriff, &c.; that, by virtue, thereof, the said P. H. L., as sheriff, by the command of the other defendants, levied *on the right, title, and interest of the said J. R. D. and C. M. D.,* in the goods and chattels in the said declaration mentioned, except the twelve iron cars, one office copying press, &c., and *sold at* a sale advertised by him according to law, *their right, title, and interest only,* in the same, as he lawfully might for the cause aforesaid, which were the taking and selling in the said declaration mentioned; and these three defendants *aver that the said plaintiff had not, at the commencement of this suit, sustained, and would not sustain any damage by reason of the premises;* and this they are ready to verify.. Wherefore they pray judgment if the said plaintiff ought to have or maintain his aforesaid action thereof against them by reason of anything in said declaration alleged.

To this plea the plaintiff filed the general replication *de injuria sua propria absque tali causa.*

To this replication the defendants filed a general demurrer.

Argued at June Term, 1878, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE, SCUDDER, and KNAPP.

For the defendant, *A. S. Jackson* and *T. N. McCarter.*

For the plaintiff, *W. J. Lyon.*

The opinion of the court was delivered by

DEPUE, J. The damages sustained by the plaintiff are the foundation of his action, and the material averment in the defendant's plea is, that the plaintiff had not, at the commencement of this suit, sustained, and would not sustain any damage by reason of the premises. *Tancred* v. *Allgood,* 4 *H. & N.* 437. The plea, therefore, amounts to a denial of the

plaintiff's cause of action.    The replication *de injuria* cannot properly be pleaded to a plea denying, or amounting to a denial of the plaintiff's cause of action.    1 *Sm. L. Cas.* (208) 240, *note to Crogate's case; Elwell* v. *Grand Junction R. Co.,* 5 *M. & W.* 669 ; *Ruckman* v. *Ridgefield Park R. R. Co.,* 9 *Vroom* 98.    The replication is clearly bad.

But the objection, I think, was only available on special demurrer, when special demurrers were allowed, and, special demurrers having been abolished, can now only be taken by motion to strike out.    In *Fursdon* v. *Weeks,* 3 *Levinz* 65, it was adjudged that the objection was good on general demurrer, but the later cases hold that it can only be taken by special demurrer.    *Curtis* v. *Marquis of Headfort,* 6 *Dowling* 496 ; *Parker* v. *Riley,* 3 *M. & W.* 230.    The objection to an improper use of this replication is removed by verdict ; and, inasmuch as its effect is to put the defendant to the proof of every material allegation in his plea, the fault is not one of substance, but of form merely, such as could only be reached by special demurrer.

The plaintiff, on the argument, attacked the defendant's plea.    A special plea was not necessary to present the defence relied on.    The defence might have been brought forward under the general issue.    *Dean* v. *Whitaker,* 1 *C. & P.* 347 ; *Duffill* v. *Spottiswoode,* 3 *C. & P.* 435 ; *Van Antwerp* v. *Newman,* 2 *Cow.* 543.    In *Tancred* v. *Allgood,* 4 *H. & N.* 444, there is a precedent for such a plea ; but that precedent arose out of the *Reg. Gen. Hil. T.,* 4 *Wm. IV.,* which restricted the effect of the general issue to the denial of the wrongful act, (1 *Chit. Pl.* 744,) and has given rise to a multitude of special pleas in the English practice, which were previously unnecessary.    This rule is not in force in this state.

In one respect, however, the plea is defective.    It professes, in the commencement, (*actio non,* &c.,) to answer the whole of the plaintiff's cause of action, and in the body contains an answer only to part.    A plea may be pleaded to part of a count, if that part be material and severable from the rest ; but it must, in such event, profess to answer that part only.

A plea which professes to answer the whole count, and answers only part, is bad. *Fleming* v. *Hoboken,* 11 *Vroom* 270 ; *Lord* v. *Brookfield,* 8 *Vroom* 552 ; *Postmaster General* v. *Reeder,* 4 *Wash. C. C. R.* 678 ; *Earl of Manchester* v. *Vale,* 1 *Wm. Saund.* 27.

For the reason that the erroneous use of this replication cannot be objected to on general demurrer, judgment must be for the plaintiff.