Otis.
v.
Wood.

## Otis vs. Wood.

*Where it is a condition in a lease of personal property that the lessee shall keep it upon particular premises and not remove it therefrom, a removal of such property by the lessee operates as a forfeiture of the term, and divests his title so that no interest in the property removed remains in him that can be sold by execution.*

*If property thus circumstanced is levied on and sold under an execution against the lessee, the lessor is entitled to maintain an action of trover against the officer.*

This was an action of trover, tried at the Oneida circuit in April, 1828, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

In April, 1826, Otis executed a lease to one Goodenoe of 15 acres of land in the town of Manlius, Onondaga county, and included in the lease a span of mares, a cow and eight sheep, and other personal property to which specific prices were attached, for the term of *ten years ;* Goodenoe to pay a rent at the rate of $30 per annum, and to have the right, on payment of the sum of $400, to become the owner of the whole premises demised. By the terms of the agreement, Goodenoe was precluded from selling or disposing of his term, and from selling or disposing of the articles of personal property specified in the lease, and was bound to keep the same on the premises ; and in case of the death, by accident or otherwise, of the mares, cow or sheep, to replace them by others of the like kind and value. On failure of the conditions of the lease, Otis reserved the right of re-entry on the premises, and to seize and take the personal property and dispossess Goodenoe. In September, 1826, Goodenoe, by a written instrument, mortgaged to Otis a set of harness and

other property to secure the rent which had been accrued, and money which had been lent by him to Goodenoe, the mortgage to be void on payment of $70 by the 1st January, 1827. In October or November, 1826, Otis removed from Manlius to Herkimer county, and in December, 1826, Goodenoe also removed from Manlius and went to reside at Vienna in Oneida county, taking with him the mares let to him by the plaintiff, and also the harness mortgaged to the plaintiff; and within two weeks after his removal the property was levied on by the defendant, a constable of Vienna, by virtue of a justice's execution against Goodenoe, and sold about the 1st April, 1827. After the levy and previous to the sale, the plaintiff and Goodenoe requested a person with whom the mares were left as receiptor, to work them, enough to pay for their keeping.

On this state of facts the defendant contended that the agreement between Otis and Goodenoe was a contract of sale and vested the property in Goodenoe; that the agreement was fraudulent as against creditors; and that the plaintiff's right of action, if any, did not accrue until the expiration of the ten years. The judge ruled that the instrument of 15th April, 1826, was not a contract of sale, but a lease, and that a purchaser of the property under process of law would acquire the rights of the lessee; that a sale of the property by operation of law would not create a forfeiture, but that the removal of the mares from the premises demised would have had such effect, had not the evidence warranted the conclusion which he thought it did, that the plaintiff had waived the forfeiture, and that therefore the plaintiff was not entitled to recover for the mares, but he charged the jury that the plaintiff was entitled to recover for the harness. The jury found for the plaintiff with $15 damages, the probable value of the harness. A motion was made on the part of the plaintiff to set aside the verdict.

*A. Bennett & J. A. Spencer*, for plaintiff.

*G. C. Bronson*, (attorney general,) for defendant.

*By the Court*, SAVAGE, Ch. J. I think the judge was right in deciding that the contract of April, 1826, was not a sale but a lease; that the interest of a lessee of personal proper-

*Margin note: ALBANY, January, 1830. Otis v. Wood.*

ty may be sold on execution, and that in such case the purchaser stands in the place of the lessee. (*Van Antwerp* v. *Newman,* 2 Cowen' 543.) In the case of *Hurd* v. *West,* (7 Cowen, 656, it was held, that where sheep were let for a specified time, and the same sheep to be returned, the title of the lessor continues with the right to assert it when the time expires. In *Marsh* v. *Lawrence,* (4 Cowen, 467,) it was decided that a mortgagor in possession of a chattel, after forfeiture, or when the mortgagee might take possession at his pleasure, had no interest which was the subject of sale on execution; and in *McCracken* v. *Luce,* not reported, decided at August term last, it was held, that a mortgagor of a canal boat, in possession and having the right of possession for a time certain, had an interest which was the subject of sale on execution. The principle of these cases is, that a person in possession of a chattel, having a right to such possession for a specific time, has an interest which may be sold; and when that interest expires the owner is entitled to his goods and may bring an action for them.

In this case the lessee had forfeited his interest in the mares in question, according to the terms of his contract, by removing them from the demised premises. The plaintiff, therefore, had the same right to the possession of the animals which he would have had, if Goodenoe had remained on the premises till the expiration of his lease.

It is said, however, that the plaintiff had waived his right to re-enter upon the possession of his property by acquiescence. I do not perceive any evidence of acquiescence; there is no proof of the plaintiff's knowledge of Goodenoe's removal with the property from the demised premises previous to the levy by the defendant. But if there was such evidence, according to the case of *Marsh* v. *Lawrence,* the plaintiff waived no right by leaving the property in the hands of the lessee. So long as he had a right to the possession which he might enforce at pleasure, (2 Wendell, 475,) the lessee had no interest in the mares which was the subject of sale.

A new trial should be granted.