By the Court,

Nelson, Ch. J.
I was at first inclined to view the contract of sale as a mortgage, and the interest of Dubois that of a mortgagor in possession, and therefore the subject of levy and sale on an execution against him; (Otis v. Wood, 3 Wend. 498;) but upon further reflection and examination, the soundest view is, perhaps, to regard the contract as a conditional sale, in which aspect the property did not vest in the vendee, and would not, till the performance of the condition. (2 Kents Comm. 497. Ross on Sales, 60, 63. Barrett v. Pritchard, 2 Pick. 512.)
The contract is in writing and imports, in terms, an *328 agreement to sell only on condition of payment in the mode specified; a condition which the vendor had a right to impose for his own security, and which, as it clearly appears upon the face of the contract, cannot be disregarded.
As the contract was executory and vested no title to the boat in Dubois, it remained absolutely in Strong, subject to the qualification, (not expressed, but necessarily implied,) that the former was entitled to the possession and use of the boat for the purpose of paying the price, in pursuance of the terms agreed on. But as the property did not pass to Dubois, the boat was to be thus possessed and used by him as the boat of Strong, to become the property of Dubois on his paying the price in the manner contemplated.
The sum of the whole case is this: The right of Dubois rested in contract, and contract only, by virtue of which he might, at a future day, acquire an interest in the property ; but till the fulfilment of the condition, i. e. payment-of the purchase money in the mode pointed out by the contract, nothing passed. True, he had possession, and even a right to the possession; this was however for a specific object, not unqualified, but for the sole purpose of performing his part of the agreement. So much may be implied from the terms and nature of the agreement, but nothing more.
I concede, where a party takes and is possessed of an interest in property, liable to be divested on his failure to comply with a condition subsequent, such interest may be seized and sold on execution, and the purchaser on complying with the condition would acquire an absolute title. That is the case with respect to a mortgagor in possession. But here no interest in the property passe’d to Dubois, save what rested in contract—an interest which it is not pretended can be the subject of levy and sale. I have before remarked, that although the right of Dubois to the possession of the boat may be implied from the contract and sale, there being no express provision to that effect, yet it can be carried no *329 farther than for the purpose of paying the stipulated price in freight.
Regarding the case then in the light of a conditional sale, the case of Barrett v. Pritchard, (2 Pick. R. 512,) is a full authority for the ruling at the circuit, and the same may be said of the other cases and books already referred to.
I admit, if the contract were merely colorable—if an actual sale had in fact taken place between the parties, and the contract been put into this form for the sake of “ hindering and delaying” the creditors of Dubois, the result might be different; but no such point was made on the trial, and it is, therefore, unavailable here.
Indeed, there is perhaps not much in this suggestion ; for at most it only raises the question, whether the boat is the subject of a levy as against Dubois or Strong. In the view we have taken, it would be liable to the creditors of the latter; but upon general principles, and in a practical point of view as a question of public policy, it is of very little importance which set of creditors are allowed to seize the property.
New trial denied.