## BURDICK *vs.* McVANNER.

Where a chattel mortgage contained a provision that upon default of payment of the mortgage debt at the time agreed on, the mortgagee might sell the property at auction or private sale, and pay the debt and expenses out of the avails; *held* the mortgagee's title became absolute at law upon default in payment *without any sale being made.*

ERROR from the Oswego common pleas, to review a judgment of that court affirming a judgment rendered before a justice of the peace. The action in the justice's court was trover for a cow brought by McVanner against Burdick, to which the defendant pleaded not guilty. The cause was tried by a jury. On the trial the defendant admitted the taking of the cow and that her value was $18. He then gave in evidence a chattel mortgage of the cow executed by the plaintiff to one John Parker, dated June 6th, 1843. It recited that the mortgagor owed Par-

Burdick *v.* McVanner.

ker $3, *to secure the payment of which* he sold, transferred and delivered the cow to the mortgagee: provided that if he, the mortgagor, should pay the $3 and interest on or before the 1st day of July, 1843, the transfer should be void; but in case of non-payment at that time the mortgagee was to have full power to take possession of the cow and sell her, and to pay the debt out of the proceeds. If the mortgagee should at any time deem himself insecure, he was authorized to take and sell the animal at auction or private sale, and pay the debt and expenses out of the proceeds.

Parker on the 8th November following assigned the mortgage to the defendant. The taking was subsequent to the assignment, and the suit was commenced at a still later day in November, 1843.

It was then admitted that shortly after the defendant had taken the cow into his possession and before the commencement of the suit, the plaintiff tendered to the defendant the sum secured by the mortgage, with interest and costs, and demanded the cow, but the defendant refused to give her up. The jury gave a verdict for the plaintiff upon which the justice rendered judgment. The defendant brought error to this court upon the judgment of affirmance.

*L. Johnson,* for the plaintiff in error, cited 8 *John.* 96; 7 *Cowen,* 290; 9 *Wend.* 80; 11 *id.* 106; 12 *id.* 62; 23 *id.* 667; 1 *Hill,* 473.

*A. G. Hull,* for the defendant in error, maintained that where there was, as in this case, a provision in a mortgage of personal property for a sale and satisfaction of the debt from the proceeds, the mortgaged property was liable to be redeemed at any time before such sale had taken place.

*By the Court,* BEARDSLEY, J. By the mortgage to Parker, and the failure to pay according to its terms, the plaintiff lost all legal right to the cow, an absolute title to her, at law, being vested in the mortgagee. (*Fuller* v. *Acker,* 1 *Hill,* 475; *Smith*

v. *Acker*, 23 *Wend.* 667.; *Patchin* v. *Pierce*, 12 *id.* 62; *Case* v. *Boughton*, 11 *id.* 109; *Langdon* v. *Buel*, 9 *id.* 83.) The ·assignment transfered Parker's title, which was then complete, to the defendant, who ·thereby·became absolute owner, and as such might at any time take the cow from the possession of the plaintiff, whose only rights were those of a naked bailee.

The action was trover, which cannot be maintained without proving property, general or special, in the plaintiff. (1 *Chit. Pl.* 170, 7*th Am. ed.*) But as between these parties this plaintiff had neither. At law he had no title whatever against the defendant, and could only redeem in equity, a right which in ·this case, owing to the small value of the property, could not be enforced in the court·of chancery. But this circumstance cannot change the construction of the mortgage, nor give to the plaintiff a right or a remedy which he would not have if the ·property was of greater value.

This mortgage expressly authorized the mortgagee to sell the mortgaged property and thus satisfy the debt due to him; but it did not require him to do so or forfeit his rights under the mort gage. A power to sell like this is often found in chattel mort gages, but it has never ·been supposed to extend the time of payment specified in the mortgage, nor under any circumstan ces to reinvest the mortgagor with title to the property.

The judgments were erroneous.

Judgments reversed.