## MATTISON vs. BAUCUS.

Where, in a mortgage of personal property, it was provided that the mortgagor should permit the mortgagee to "have, possess, occupy, and enjoy," the mort gaged property, whenever he should demand the same, and after the mortgagor had absconded, the mortgagee took possession of the property by virtue of the mortgage; *held*, that the interest of the mortgagor was not the subject of levy upon execution, although the debt secured by the mortgage had not, at the time of the levy, become due.

It seems that the interest of a mortgagor of personal property, even before for feiture, where he has not the right of possession for a definite period, is but a right of redemption merely, which is not the subject of levy and sale upon execution.

On error from the Supreme Court. Mattison sued Baucus in trover in a Justice's Court, in the county of Rensselaer, and recovered judgment. The defendant appealed to the Common Pleas of that county, where the cause was tried in 1844, and the plaintiff again recovered judgment for the value of the property in question. A bill of exceptions was taken by the defendant on that trial, and a writ of error brought by him into the Supreme Court, where the judgment of the Common Pleas was reversed, and a *venire de novo* awarded. A judgment record of such reversal being made up, Mattison now brings error to this Court. The facts, so far as material to the decision of the Court, are stated in the opinion of GARDINER, J.

*T. C. Ripley*, for plaintiff in error.

*J. Pierson*, for defendant in error.

GARDINER, J., delivered the opinion of the Court. Upon the trial in the Common Pleas, the plaintiff gave evidence tending to prove a judgment in favor of one Basset against John Foster, for $20,66, and execution issued upon the same and delivered to Mattison, the plaintiff, who was a constable, by virtue of which he levied upon the property in question in

July, 1839, then being in possession of one Lyon. It further appeared that Foster, the judgment debtor, had previously and on the 11th day of June, 1839, executed a chattel mortgage of said property, in due form of law, to Lyon, to secure a debt owing by the former to the latter, of $48,16, with interest, to be paid in six months from the date of said mortgage. The mortgage contained a provision, " that the said Foster should permit Lyon, his executors, &c., to have, possess, occupy and enjoy, the said articles of property, whenever he or they should demand the same." It also appeared that Foster had absconded, and that Lyon had taken possession of the property, under the mortgage, prior to the levy by Mattison, and that the property had been converted subsequent to the said levy by the defendant, Baucus, who took it from the possession of Lyon, the mortgagee, where it had remained from the time of the levy to the time of the conversion by the defendant. It was also proved, that after the conversion aforesaid, and subsequent to the bringing of the appeal, Bassett, the judgment creditor, took an assignment of the mortgage from Lyon, which he held at the time of the trial in the Common Pleas.

The defendant moved for a nonsuit upon various grounds, among others, " that the plaintiff never acquired any possession by his pretended levy so as to enable him to maintain trespass or trover. That the actual and legal possession of the property was in Lyon, under the mortgage from Foster." The Common Pleas refused to nonsuit, and the defendant excepted. The Court directed the jury to find a verdict for the plaintiff for $56,47, being the whole value of the property, to which direction the defendant also excepted.

Both of the exceptions are well taken. Cases in the Supreme Court and the Court of Errors, recognize the principle, that the interest of a mortgagor having a right to redeem, and the right to the possession of the mortgaged property for a definite period, may be sold upon execution. (*Marsh* vs. *Lawrence,* 4 *Cow.* 467; *Otis* vs. *Wood,* 3 *Wend.* 500; *Baily* vs. *Burton,* 8 *Wend.* 347–8; 10 *Wend.* 322; 17 *Wend.* 57.)

Mattison v. Baucus.

The debt secured by the mortgage to Lyon, was not payable, according to the provisions of that instrument, until the month of December, 1839. Foster, the mortgagor, had therefore a right of redemption. But by the express terms of the mortgage, the mortgagee "was at all times, upon demand, entitled to possess, occupy, and enjoy," the property mortgaged, and the case shows that he had taken and held possession at the time of the levy. The interest of Foster, the mortgagor and judgment debtor, was a right of redemption only, a mere chose in action, not the subject of levy and sale upon execution, according to the authorities cited, unless united with a right to the possession for a definite period. (3 *Wend.* 500.)

The levy therefore by the plaintiff, was wholly inoperative. It gave no lien upon the property, and consequently no right to maintain this action.

The nonsuit should therefore have been granted, and the judgment of the Supreme Court reversing that of the Common Pleas was right. It is unnecessary to consider the other questions made at the trial, as the point decided will dispose of the cause finally.

Judgment affirmed.

Jones, Johnson and Wright, Js., dissented.