By the Court. Duer, J.
It is difficult to understand upon what ground the complaint was dismissed. In proving the execution, delivery, and consideration of the mortgage, it seems to us the plaintiff had given all the proof that in the first instance would be required to entitle him to recover. There is no pretence for saying that the mortgage was fraudulent on its face, and whether it was rendered so by the continuance in possession of the mortgagor, was a question of fact for the determination of the jury. Still, as it does not appear from the case, that there were any exceptions to the charge of the Judge on the trial, we have probably no right to place our decision upon the ground that has been stated, especially as this ground was not insisted upon by the counsel for the plaintiff upon the argument before us.
We proceed, then, to the main question actually raised by the exceptions on the trial, and to which the argument of the plaintiff’s counsel was confined, namely, whether the additional proof that was offered, on the part of the plaintiff, ought to have been excluded ? and, after much consideration, we are satisfied that the proof ought to have been admitted. We are satisfied that if admitted, so far from contradicting, it would have been entirely consistent with the allegations in the complaint reading-those allega *326 tions in their proper connection, and giving to them a fair and reasonable interpretation. The complaint avers that the plaintiff, on the 15th of November, was the owner of the property mortgaged, and the averment may well be construed to mean that he was, on that day, the absolute owner. Hence, the averment that follows, that Willis, the mortgagor, was in possession of the property from the date of the mortgage until the 14th of December, the day on which the sheriff made the levy, to render it consistent with the previous averment, may very properly be understood as referring to a possession in consistency with, and in subordination to, that of the plaintiff as owner. In other words, that his possession was merely that of a bailee, or agent, of the plaintiff. The proof that such was the true character of his possession, might very properly have been admitted, under the offer that was made, and the questions that were proposed. And had it been proved, upon the trial, that payment of the mortgage debt had been demanded, and refused, on the 15th of November; that the goods, etc., mortgaged were then delivered to the plaintiff as owner, and that he had placed the mortgagor in possession, as his agent for the sale of the goods, and that all the subsequent sales were on his account, we hold that it would be impossible to say that the proof would not have been consistent with the very words of the complaint; and it is equally clear that it would have entitled the plaintiff to recover, unless the defendant had then proved that the mortgage was fraudulent. Such, however, might have been the purport of. the evidence that was offered to be given, and which the Judge excluded.
Again, the complaint avers that the payment of the mortgage debt was demanded by the plaintiff, and refused by the defendant, prior to the 14th of December, and we see no reason to doubt that, under this averment, and the offer made on the trial, the plaintiff might have shown that the demand and refusal of the payment of the debt were, in fact, made on the 15th of November. Had this proof been admitted, it would have shown that, from that day, the right of the mortgagor to retain the possession of the property wholly ceased, and, consequently, from that day he had no longer any interest in the property that could properly be made the subject of a levy or sale, under an execution against him. Hence, the proof would have shown that the defendant, in making such *327 levy and sale, was a mere trespasser, and, as such, necessarily liable to the plaintiff for the value of the property levied on and sold. It would, therefore, have thrown on the defendant the burden of justifying his acts, by proving the defence set up in his answer, and this he could only have done, by showing that the mortgage, as against the execution creditors, was fraudulent and void. It follows, we think, from these observations, that the supposed variance between the proof that was excluded and the allegations in the complaint, which, if it existed at all, was purely literal, might justly have been deemed immaterial, as the case stood when the evidence was offered. The plaintiff had proved all that he was bound to prove, in order to maintain his action, so that the only issue that remained to be tried, was that of the validity of the defence set up in the answer and the burden of proving, which rested solely on the defendant. It does not appear, nor can we understand how, the reception of the evidence that was excluded could here have misled the defendant to his prejudice in maintaining his defence, and no proof that he was so misled was given or offered. (Code, § 169.) We cannot assent to the allegation that the reception of the evidence would have changed materially the issues made by the pleadings. The continuance in possession of the mortgagor, even upon the supposition that it was as mortgagor that he retained the possession, was consistent with the terms of the mortgage, and, therefore, raised no presumption of fraud upon which the plaintiff could insist, or the plaintiff be called on to repel.
The learned counsel for the defendant strenuously insisted, that the dismissal of the complaint by the court, on the trial, ought to be sustained, upon the ground that it sufficiently appears, from the evidence given, that the mortgage to the plaintiff was fraudulent and void, but we are very clearly of opinion that this is not a question that can now be entertained; the mortgage was certainly valid as between the parties, and it escaped the attention of the counsel that when the complaint was dismissed there was no proof that there was any creditor of the mortgagor by whom the validity of the transaction could rightfully be questioned. In saying this we are not to be considered as intimating that the evidence which appears in the case was sufficient to raise even a presumption of fraud. Whether the continued possession of the *328 mortgagor was of such a character as to warrant this presumption, and whether the presumption, if raised, is repelled'by evidence of the good faith of the parties, are questions of fact which, upon a second trial, it will belong to the jury alone to determine Assuredly they are not questions which we, as a court, have any right to entertain and decide. (Howland v. Willet, 3 Sand. S. C. R. 607; Stuart v. Slater, ante p. 83.)
There must be a new trial, with costs to abide the event.