CLARKSON UNDERHILL *v.* ALPHEUS REINOR AND OTHERS.

Where a constable or party seeks to justify the taking of personal property, by virtue of an execution issued upon a judgment, the judgment record and execution must be produced, and a levy shown under it.

The existence of the judgment and execution cannot be proven by parol.

Where the parties to an execution accompany the constable to the house of the defendant, and, while the constable pretends to sell only "the right, title and

interest of the defendant" in property on the premises not belonging to him, they countenance and assist purchasers, acting in concert with them, in the removal of the property as upon an absolute sale; *Held*, that all are liable to the owner for the value of the property thus disposed of and removed.

APPEAL by plaintiffs from a judgment of the District Court for the first district. The action was brought to recover damages for the conversion of certain chattels, household furniture, &c., by the defendants Alpheus Reinor, Claus Reinor, Robert Reid and others.

On the trial before the justice the plaintiff proved a chattel mortgage upon the furniture in question, made by Mrs. Susan S. Hildreth, the former owner of the property, to secure the payment of two notes, one of which was payable on demand, and the other fell due on July 1, 1857. This mortgage was duly filed. The notes referred to in the mortgage were given partly for cash lent and partly for milk sold by the plaintiff to Mrs. Hildreth. At the time of the conversion alleged, both notes were overdue and unpaid.

The defendants justified on the ground that the property in question was sold by Reid as a constable, upon an execution issued at the suit of the Reinors against Mrs. Hildreth. It appeared, however, by the testimony of Mrs. Hildreth, that the sale relied on took place about February 1, 1858, long after the notes referred to in the mortgage were overdue and unpaid. She testified that it was commenced by defendants during her absence from her residence, where the furniture was. She came home, however, before the sale was over. A portion of the goods had been removed by purchasers when she arrived, others had not. She was never served with any summons in the action in which the alleged execution was issued. She did not remember ever having seen the execution. She had certainly never seen the defendant Reid, the constable, with an execution at her house.

The defendant Reid testified that he was a constable; that he called on Mrs. Hildreth, and exhibited to her the execution in the suit of the Reinors against her. The plaintiff's counsel

Underhill v. Reinor.

objected to this statement on the ground that no execution had been proved, but the objection was overruled. The witness further stated that he asked Mrs. Hildreth for payment of the execution, which she could not make. He then told her he should go on and sell. She notified him of the plaintiff's mortgage. He then apprised the Reinors, the plaintiffs in the execution, that he should require a bond before he would sell. They gave him a bond, and directed him to go on and sell, which he did,—proceeding to the sale with a horse and cart for the purpose, evidently, of removing the property, and accompanied by the plaintiffs in the execution, who assisted in its removal. On the sale the constable announced that he sold only the right, title and interest of Mrs. Hildreth, but it was manifest that this was intended to evade liability, by artifice, as the purchasers appeared to act in concert with the constable and the plaintiffs, being aided and assisted by them in removing the property from the house as soon as it was struck off. Neither the judgment in favor of the Reinors against Mrs. Hildreth, nor the execution issued upon it, were given in evidence by defendant.

On these facts the justice gave judgment for defendants, and the plaintiff appealed.

*Palmer & McAdam*, for the appellant.

*James Parker*, for the respondents.

By the Court, HILTON, J.—This action was brought to recover the value of certain household furniture, claimed to belong to the plaintiff, wrongfully taken from him by the defendants, and by them converted to their use. On the trial it appeared that the plaintiff's ownership was derived under a chattel mortgage of the property, executed to him by Susan S. Hildreth, dated June 20, 1857, and duly filed in the register's office. That the debt which the mortgage was given to secure was due and unpaid, and the property, at the time when it was so taken by the defendants, was in the possession of the mortgagor at a boarding house kept by her in Bleecker street in this city. The

defendants showed no title to the property, and in no way justi
fied the taking, notwithstanding which the justice gave judg
ment in their favor.

It would seem, however, from the evidence on their part, that
they claimed to act under an execution against the mortgagor;
but no judgment, execution or levy was shown, and the mort-
gagor testified that she never was served with a summons in the
suit, and that she never saw the execution. That on her re-
turning home, about the first of February last, she found the
defendant J. R. Reid, who appears to be a constable, selling her
furniture; and the other defendants, it is shown, (except one of
the Reinors), were present, either assisting in or urging on the
sale, or removing the property.

Although there was no direct proof of the fact, yet it seems
that the Reinors were the plaintiffs named in the execution under
which Reid claimed to act, and who, as he states, gave him a bond
of indemnity to "go and sell."

Upon such evidence the defendants were all to be deemed
trespassers and equally liable, and on what ground the justice
gave judgment in their favor it is difficult to perceive. He like-
wise erred in permitting the defendants to prove the existence
of the execution by parol, and in allowing the notice of sale,
under which the constable claims to have acted, to be put in evi-
dence. If the defendants desired to impeach the plaintiff's mort-
gage, or his title derived under it, it was necessary for them to
show some right in themselves. To do so they should have
produced the judgment and execution, and shown a levy and
sale under it. *Parker* v. *Walrod*, 16 Wend. 514; *Earl* v. *Camp*,
id. 562; *Posson* v. *Brown*, 11 John. 166. This was not done,
and the exception of the plaintiff to the admission of this proof
was well taken, and the evidence should have been rejected.
1 Cowen's Tr. 323, (3d ed.); *Yates* v. *St. John*, 12 Wend. 74.

In conclusion, I may add that it is quite evident that the de-
fendants intended to evade responsibility, by Reid, the consta-
ble, pretending to sell "only the right, title and interest of the
mortgagor" in the furniture, while the other defendants, as pur-

chasers or abettors in the sale, removed the goods, or counte-
nanced others in their removal.   But the trick thus attempted
is too transparent, and will not screen them; and the claim
based upon it should not have had any weight with the justice.

The evidence clearly shows an intent of the parties to take
and sell the property.   The Reinors indemnified the constable
Reid to sell it, who took with him a horse and cart for the pur-
pose of removing it; and Brown was a purchaser at the sale,
and took or removed part of the property, with a full knowl-
edge of the trick intended.

That individuals should connive at and plan such proceedings
is matter for surprise and regret, but when a public officer not
only aids and assists, but acts as principal in attempting such an
outrage upon the rights of individuals, he deserves our unquali-
fied condemnation.

The finding of the justice was clearly erroneous, and the judg-
ment should be reversed.

Judgment reversed.