BERNHARD BALTES, Respondent, *v.* ADOLPH RIPP and JOSEPH OCHSLER, Appellants.

The mortgagee, in good faith, of chattels, is the absolute owner at law of the mortgaged property, and the interest of the mortgagor therein is merely the right to pay off the mortgage debt, and his possession is that of a bailee only. He has no interest subject to sale on execution.

Evidence to vary or impair the legal effect of a mortgage, where fraud or want of good faith is not alleged, is inadmissible.

Where one bids upon property offered for sale, and the same is struck off to him, he cannot, in a suit against him for the wrongful conversion of such property, thereafter introduce evidence to prove that he was acting only as the agent of another. By bidding he assumes the character of a purchaser, and he is estopped from denying the legitimate conclusion inferred from his conduct.

THIS appeal is from a judgment of the General Term of the Supreme Court in the second district, affirming a judgment recovered by the plaintiff against the defendants in the city court of Brooklyn. The action is brought to recover for wrongfully taking and detaining a quantity of black-smith's tools claimed by the plaintiff as his property. The defendants denied the allegations of the complaint, and the defendant Ripp alleged as a further defense, that the property belonged to Lorenz Rittenbach, against whom he had recovered a judgment before a justice of the peace of the town of New Lots, in Kings county, and that an execution was duly issued on the said judgment, and the property levied on and sold thereunder as the property of the said Rittenbach.

At the trial, before the court and a jury, the plaintiff proved the execution and delivery to him of a chattel mortgage by Rittenbach and wife upon the property in question, dated the 8th and filed in the register's office the 10th of October, 1859. The mortgage was given to secure the payment of $162.25, which the plaintiff proved included several loans of money to Rittenbach, amounting to $150 and interest for one year from the date of the mortgage, for which Rittenbach and his wife had given three due-bills

for about fifty dollars each, at the time of the different loans. No time of payment was mentioned in the due-bills or in the mortgage, but Rittenbach testified that if he paid the mortgage in less than one year, the plaintiff was to deduct the interest for the unexpired part of a year from the date of the mortgage.

The defendants proved a judgment and execution in favor of the defendant Ripp against Rittenbach, recovered before a justice of the peace on the 25th of October, 1859, for $95.61 damages and costs. It also appeared that the mortgaged property was levied on and sold under this execution, and that the defendant Ochsler became the purchaser at the constable's sale.

The plaintiff produced his mortgage at the sale, and notified the defendants and all others who were present that he claimed the property as his own by virtue of the mortgage.

It also appeared that he had demanded payment of the mortgage from Rittenbach before the levy, and demanded a return of the property from both of the defendants before the commencement of his action. The property was in the possession of Ripp after the sale, and the defendant Ochsler offered to prove that he was acting at the sale for Ripp and not for himself, and bid in the property for him. This evidence was excluded on the objection of the plaintiff, and an exception was taken to this ruling.

The defendants offered to prove an agreement between Baltes and Rittenbach that the money was not payable until the expiration of a year, and questions were put to Rittenbach as to the time when the due-bills and the mortgage were to be paid. This evidence was also rejected, and the defendants excepted.

The jury found for the plaintiff the value of the property, for which judgment was entered with costs.

The case was submitted by the respondent, but no points have been furnished on the part of the defendants, in whose behalf the appeal was taken.

*James I. Lowrie,* for the respondent.

LEONARD, J. There is no ground for pretense, nor was it claimed at the trial that there was any fraud or mistake in the mortgage under which the plaintiff claimed title. The admissibility of the evidence cannot be urged for that purpose. The mortgage upon its face, as well as the due-bills, which were given for loans made some time before the execution of the mortgage, was due upon demand. The mortgagee was the absolute owner, at law, of the property mortgaged from the moment of the demand, and the refusal or neglect of payment. The interest of Rittenbach was the right merely to pay off the mortgage debt, and his possession was that of a bailee merely. (*Fuller* v. *Acker,* 1 Hill, 473.) Rittenbach had no interest subject to sale on execution. The defendants cannot therefore make title to the property by the levy and sale.

The tendency of the evidence offered, as to the time of payment, was to vary or impair the legal effect of the mortgage and due-bills. It was properly excluded on that ground. The evidence was not offered to show fraud or any want of good faith, as to the debt or mortgage. Had that defense been set up the question would have been different.

The evidence offered to prove that Ochsler bid at the sale for Ripp and not for himself, and that he had no possession of the property, was also properly excluded. Ochsler held himself out as a purchaser at the sale, and it is too late afterward to claim that he was acting as an agent merely. By bidding he assumed the character of a purchaser, and the plaintiff had the right to rely upon such act when he commenced his action; and Ochsler must be held as estopped from denying the legitimate conclusion which the plaintiff drew from his conduct.

There appears to have been no error at the trial, and the judgment should be affirmed with costs and damages.

All the judges concurring,

Judgment affirmed.