## NEW YORK COMMON PLEAS.

JULIUS HULSEN and WILLIAM B. TAYLOR agt. AUGUST WAL-
TER, SOLOMON ZECKIEL, J. ZECKIEL and HENRY BYER.

When demand is made by the mortgagee of the amount secured to be paid by a chat-
tel mortgage *payable on demand*, and is refused, the legal title to the mortgaged
property becomes absolute in the mortgagee.

After such demand and refusal, the mortgagor cannot charge the property by a second
mortgage. Under such circumstances, a subsequent mortgagee would take no
interest in the property, and would have no right to redeem by offering to pay the
first mortgage.

A mortgagee of chattels, whose title has become absolute, is not bound to foreclose
his mortgage. *To extinguish the equity of redemption, he should do so.*

A *refiling of a chattel mortgage* by the mortgagee, after *his legal title to the property has*
*become absolute*, is no waiver of the forfeiture as against a subsequent mortgagee,
who had taken his mortgage previous to such refiling, *with the knowledge of the for-*
*feiture.*

*Special Term, December,* 1867.

MOTION to dissolve an injunction.

On the 5th September, 1864, Henry Byer, one of the
defendants, executed a chattel mortgage upon certain pro-
perty situated at No. 19 Chatham street, New York, to Solo-
mon Zeckiel, another of the defendants, for the sum of $900,
for money loaned. The mortgage was payable on *demand,*
and was on the same day filed in the office of the register of
the city and county of New York. On the 3d day of Janu-
ary, 1865, the said Byer made another mortgage upon the
same chattels, to one Stephen J. Gordon, for the sum of
$2,200, payable in twelve months from the date thereof.
This mortgage was filed in the office of the register of New
York, on the 29th day of June, 1865. Byer, on the 11th
day of May, 1865, executed another mortgage on the same
property to Isaac Herman, for the consideration expressed
therein, of $2,500, payable on demand. This mortgage was
filed in the register's office on the 10th day of November,
1865.

The mortgage first above mentioned, from Byer to Zeckiel,

*was due and owing before either of the last two mortgages were executed,* and no part of the moneys secured to be paid thereby has been paid, and the amount due thereon had *been demanded of the mortgagor by the mortgagee, before the mortgages* to Gordon and Herman were executed; and at the time Gordon and Herman took their mortgages, *they respectively knew* of the existence of the Zeckiel mortgage, *and that it was due and owing,* and a valid and subsisting lien upon the property. On the 20th day of June, 1866, the said Herman assigned his mortgage to Alexander M. Christaller, and on the 28th of June, 1866, the said Gordon assigned his mortgage to said Christaller.

On the 28th day of June, 1866, Christaller, the assignee, caused the two mortgages, to wit, the Gordon and Herman mortgages, so assigned to him, to be foreclosed; and at the foreclosure sale the said Christaller bought all the property mentioned in the schedules of the said mortgages, and thereafter transferred the said property to the plaintiffs in this action.

On the 5th day of September, 1865, the Zeckiel mortgage, being the mortgage first above mentioned, was renewed in the office of the register of the city and county of New York, where the original was filed; and on the 6th day of July, 1866, the same was assigned to the defendant Walter, for the sum of $1,017 73-100, by said Zeckiel. On the 7th day of July, 1866, and after the two mortgages above described had been foreclosed, and the property transferred to the plaintiffs by the purchaser at the foreclosure sale, the said Walter caused the said mortgage on said property, so assigned to him, to be duly foreclosed, and the property was sold thereunder, and bid off and purchased by said Walter. Walter has not obtained the possession of the property, the same remaining in the possession of plaintiffs, the transferees thereof from Christaller.

The plaintiffs then brought this action, and in their complaint *ask to redeem the property* from the force and effect of

the mortgage *first* above mentioned, and from the sale made thereunder, asking for an account of the moneys due thereon, and offering to pay the same. Plaintiffs obtained an order of injunction, enjoining Walter, the purchaser under the mortgage, from interfering with the property or entering into the possession thereof, as purchaser or otherwise.

The action was tried before a referee, who reported, amongst other things, the facts above stated, and reported as conclusions of law, that, under and by virtue of said foreclosure of the first mortgage, the plaintiffs were barred and foreclosed of any interest they had or might have under and by virtue of said Gordon and Herman mortgages, the assignment of same to Christaller, and the foreclosure and sale under same, and the transfer to the plaintiffs by Christaller of the property purchased by him at such sale; that plaintiffs had no right, title or interest whatever in, or any right of possession to, the property; that Solomon Zeckiel, the first mortgagee, was entitled to the possession of the goods mentioned and contained in his said mortgage, before either said Gordon or said Herman mortgages were made; and that the title to said property had become absolute in said Solomon Zeckiel, by reason of the default of the defendant Byer to pay, according to the terms of said mortgage, after demand; that the plaintiffs are not entitled to redeem, nor to the relief demanded in the complaint.

The defendant Walter now moves, upon the coming in of the referee's report, for an order dissolving the injunction which restrained him from taking possession of the property.

The plaintiffs resist the motion, upon the grounds, among other things, that they are about to appeal from the judgment to be entered on the referee's report to the general term.

CHARLES F. WETMORE, *for the motion.*

A. BLUMENSTIEL *and* AARON J. VANDERPOEL, *opposed.*

VAN VORST, J.   A mortgagee of chattels has the legal title to the property covered by the mortgage, liable to be defeated by redemption.   The title of the mortgagee becomes absolute on the failure of the mortgagor to discharge the conditions of the mortgage.   (*Burdick* agt. *McVanner*, 2 *Denio*, 170; *Fuller* agt. *Acker*, 1 *Hill*, 475; *Dane* agt. *Mallory*, 16 *Barb*. 49, 50.)

After the condition is forfeited, all the cases agree that the interest of the mortgagee in the chattel can be levied on and sold as his property.   If taken out of the morgagee's possession, he can maintain successfully a suit for its re-delivery to him as his absolute property.   After such forfeiture, the only right which remains in the mortgagor is an *equitable* right of redemption.   All legal claim of the mortgagor is gone after forfeiture.   He could not sue for the property, nor sell it, or give another valid mortgage upon it.   A person can neither sell or mortgage—and a chattel mortgage is a sale—a thing to which he has no title.   Nor, after forfeiture, is the mortgagee bound, at law, to receive the amount of the mortgage debt, and restore the property to the mortgagor.   The party has left to him only his equitable remedy by bill to redeem. (*Charter* agt. *Stevens*, 3 *Denio*, 33.)

The mortgage from the defendant Byer to Zeckiel, and which was subsequently assigned to Walter, was *payable on demand*.   The mortgagee did not reduce the property into his actual possession, but he did *demand payment*, which was refused.   After that the legal title became absolute in the mortgagee.   He had a perfect right to take the property at once into his possession, and sell and dispose of it as his own, and he could not be interfered with in that right by the mortgagor himself, nor by any person claiming under him. The property was not subject to be charged by any subsequent sale, mortgage or incumbrance which the mortgagor might seek to make of or impose upon it.

The referee has reported as facts ·in this case, that the mortgage from Byer to Zeckiel was due and owing before

either of the last two mortgages were executed, and that no part of the moneys secured thereby had been paid, and that the amount due thereon had been demanded of the mortgagor, by the mortgagee, before the mortgages to Gordon and Herman were executed; and that when Gordon and Herman took their mortgages they respectively knew of the existence of the Zeckiel mortgage, and that it *was due and owing.* Under such a state of facts, the mortgages to Gordon and Herman conveyed no title in the property to them. Byer, at the time he executed these mortgages, had no legal title to convey, and could transfer no interest in the property to them. Christaller was the assignee of the Gordon and Herman mortgages; as such assignee, he could take no greater right or interest than his assignors had. If the mortgages were not a valid lien when they were made, they could not ripen into a good security in his hands.

The proceedings on the part of Christaller to foreclose the mortgages, and the purchase made by him on the sales under said mortgages gave him no title, and he could not convey any to the plaintiffs, and the plaintiffs claiming through Christaller under the facts reported by the referee, have no right in equity to redeem. Besides the equity of redemption remaining in Byer, the mortgagor, was completely cut off by the foreclosure of the first mortgage by Walter, the assignee. Walter was not obliged to foreclose to perfect his legal title to the property; under the forfeiture he was already the absolute owner. But the proceeding had the effect to extinguish the outstanding equity of redemption. It was claimed by the counsel for the plaintiffs, on the argument of the motion, that the subsequent re-filing of the mortgage by Zeckiel the mortgagee, and his assignment of same to Walter, was a waiver of the forfeiture created by the demand and refusal to pay the mortgage, and inconsistent with the claim of absolute ownership in the chattels. I have given this point much consideration with a view to see if it could give the plaintiffs relief. But I do not see how it can aid them.

I do not think that they are·in a position, with regard to the subject matter, under the facts of this case, to claim relief from these acts. A person ignorant that a forfeiture had occurred and who had acted upon such re-filing as an acknowledgment on the part of the mortgagee, that his title had not become absolute, might make a claim on that ground. But it appears, as has heretofore been stated, that the mortgages under which plaintiffs claim were executed long anterior to such re-filing, and that the mortgagees had knowledge of the facts which created the forfeiture at the time they took their mortgages, and in law must be presumed to have known that Byer had then no interest or title in the property to convey to them.

Motion to dissolve injunction granted.