Trimm *v.* Marsh.

---

GEORGE S. TRIMM and ELIZABETH C. BROWN, Respondents, *v* SARAH A. MARSH et al., Appellants.

(GENERAL TERM, FIRST DEPARTMENT, FEBRUARY, 1871.)

The mortgagors' equity of redemption in mortgaged lands may be sold upon execution, except upon judgment for the mortgaged debt; and this is so notwithstanding the mortgagee has been let into possession of the mortgaged premises.

THIS was an appeal from a judgment entered at Special Term allowing the plaintiffs to redeem mortgaged premises.

Trimm *v.* Marsh.

It appeared that the plaintiff, Elizabeth C. Brown, daughter of Jane O'Brien, claiming as owner, and the plaintiff, George S. Trimm, complaining under a contract of purchase, commenced this action to redeem the premises from a mortgage executed to the New York Fire and Marine Insurance Company, and assigned by said company to the defendant Sarah A. Marsh. The defendant, Sarah Ann Marsh, foreclosed the mortgage, and the premises were sold on the 20th of January, 1862, at which sale she purchased the same, at $2,010, and received a deed therefor.

On the 13th of September, 1865, Sarah Ann Marsh, sold and conveyed the premises to the defendant, William B. Marsh, who claimed to be a *bona fide* holder for value without notice.

Sarah Ann Marsh also set up as a defence, that all the interest of Elizabeth C. Brown, one of the plaintiffs, was on the 3d of May, 1865 (and before her contract with the co-plaintiff Trimm), sold under execution on a judgment against said Elizabeth C. Brown, and purchased by the defendant, Sarah Ann Marsh, who received a certificate therefor, and transferred the same to the defendant, William B. Marsh, and the latter received a sheriff's deed therefor. After issue joined, the cause was referred.

The referee made his report, dated September 16th, 1867, by which, after finding various facts, he decided that the plaintiffs were entitled to redeem the premises, and to other relief.

The defendants appealed from the final judgment, as well as from the judgment of October 18th, 1867, and the order of 7th February, 1868.

*J. Palmer* and *John E. Burrill*, for the appellants.

*Wheeler H. Peckham*, for the respondents.

Present—INGRAHAM, P. J., CARDOZO, and BARNARD, JJ.

By the Court—CARDOZO, J. I think the referee erred in holding that the sale of the land under the judgment, against

Trimm *v.* Marsh.

Mrs. Brown, who had purchased the premises from the mortgagor was void. It was not, and cannot be, disputed, that while the mortgagor remains in possession, his estate, the equity of redemption, may be sold upon execution, except upon a judgment for the mortgage debt.

The question presented is, does the fact that the mortgagee has been let into possession by the mortgagor, make any difference? We shall not gain any light on this subject from the case cited by respondent's counsel, showing that, after default, the interest of a mortgagor of chattels, cannot be sold on execution.

In cases of chattel mortgages the legal title to the chattels is in the mortgagee, and, upon default, that title becomes absolute in him (*Butler* v. *Miller*, 1 Com., 500 ; *Bates* v. *Kipp*, 3 Keyes 210) ; leaving in the mortgagor, at most, nothing but the right to go into a court of equity, to obtain leave to redeem. Such a right of course cannot be sold on execution at law. But the case is different as respects a mortgage of land.

Here, the settled law of this State is, that the title remains in the mortgagor, until divested by foreclosure (*Kortright* v. *Cady*, 21 N. Y., 343), and that, even after default in the payment of the mortgage debt, tender before foreclosure, discharges the lien upon the land. That the mortgagee is in possession does not make any difference. Possession of the land does not change the title, nor divest the estate of the mortgagor. His estate remains the same, but the possession is temporarily gone. Doubtless, when once the mortgagee has obtained possession, without force, he may hold it even as against the mortgagor. (*Pell* v. *Ullmar*, 18 N. Y., 142 and cases cited.) But he can only do so until he has obtained satisfaction of the mortgage debt.

Possession is a means of satisfying out of the rents, the mortgage debt, and for that purpose when once possession has been acquired, it may be retained, but when the debt has been paid in the language of judge COMSTOCK, " the possessory right instantly ceases, and the title is, as before, in the mort-

gagor without a reconveyance. The notion that a mortgagees' possession, whether before or after default, enlarges his estate, or in any respect changes the simple relation of debtor and creditor between him and his mortgagee, rests upon no foundation." (See 21 N. Y., 365.)

To the same effect are the remarks of the chancellor in *Waring* v. *Smyth* (2 Barb. Ch. R., 135). "The only right he now has in the land itself is to take possession thereof, with the assent of the mortgagor, after the debt has become due and payable, and to retain such possession until the debt is paid." The judgment should be reversed.

Judgment reversed.