## New York Marine Court.

### Trial Term—January, 1876.

## KATTY LEMPKE *against* CHRISTOPHER PETERSON.

The foreclosure of a second chattel mortgage, made after the first fell due, operates as a conversion of the mortgaged property as to the holder of the first chattel mortgage.

McADAM, J.—The chattel mortgage to the plaintiff was properly filed, and the plaintiff's title to the mortgaged property became absolute upon the mortgagor's default in payment (Judson v. Easton, 58 *N. Y.* 664 ; Baltis v. Ripp ; 3 *Keyes*, 210 ; Otis v. Wood, 3 *Wend.* 498 ; Langdon v. Buel, 9 *Id.* 80 ; Ferguson v. Lee, *Id.* 258 ; Patchin v. Patchin, 12 *Id.* 61 ; Baily v. Burton, 8 *Id.* 339 ; Mattison v. Bancus, 1 *N. Y.* 295 ; Butler v. Weller, *Id.* 496 ; Lewis v. Palmer, 28 *Id.* 271 ; Shuart v. Taylor, 7 *How.* 251 ; Hulsen v. Walter, 34 *Id.* 385 ; Stoddard v. Denison, 38 *How.* 296 ; Porter v. Parmly,

43 *Id.* 445 ; Brown *v.* Bement, 8 *Johns.* 96 ; Howland *v.* Willett, 3 *Sandf.* 607 ; Willis *v.* Orser, 6 *Duer*, 322 ; Fuller *v.* Acker, 1 *Hill*, 473 ; Burdich *v.* McVanner, 2 *Den.* 170 ; Charter *v.* Stevens, 3 *Id.* 33 ; Fox *v.* Burns, 12 *Barb.* 677 ; Dane *v.* Mallory, 16 *Id.* 46 ; 39 *Id.* 390, 606 ; Dudley *v.* Hawley, 40 *Barb.* 397 ; Ballou *v.* Cunningham, 60 *Id.* 425 ; Chamberlain *v.* Martin, 43 *Id.* 607 ; Underhill *v.* Reiner, 2 *Hilt.* 319 ; 1 *Daly*, 489 ; 1 *Abb. Pr. N. S.* 32).

After the plaintiff's title under his mortgage became absolute, the mortgagor executed a second mortgage upon the same property, to the defendant, who directed its foreclosure. As to the plaintiff, the sale under the foreclosure *ipso facto* constituted a conversion of the mortgaged property, and furnished him with a good right of action (Hulsen *v.* Walter, 34 *How. Pr.* 385 ; Bristol *v.* Burt, 7 *Johns.* 254 ; Murray *v.* Burling, 10 *Id.* 172 ; Reynolds *v.* Shuler, 5 *Cow.* 323 ; Connah *v.* Hale, 23 *Wend.* 462 ; Farrar *v.* Chauffetete, 5 *Den.* 527). The defendant's admission upon the trial puts the value of the mortgaged property at $582, the amount of the plaintiff's mortgage debt, and the plaintiff is entitled to judgment for this amount, with interest. Judgment accordingly.