ARCHIBALD CAMPBELL, AS RECEIVER, &c., Appellant, *against* WILLIAM L. FISH, Respondent.

(Decided December 2d, 1878.)

A receiver appointed in supplementary proceedings takes only an equitable right of redemption in chattels mortgaged by the judgment debtor and reduced to possession by the mortgagee, before the commencement of the proceedings, and cannot maintain an action of replevin for such chattels against the mortgagee.

APPEAL from a judgment in favor of defendant, rendered in the District Court of the city of New York for the Sixth Judicial District.

The facts are stated in the opinion.

*Edward S. Hatch,* for appellant.

*Chas. G. Cronin,* for respondent.

CHARLES P. DALY, Chief Justice.—More than a year before the order was made for the examination of the defendant, Fish, as a third person having property belonging to the judgment debtor, Humphrey, Humphrey had executed a bill of sale of all the property claimed in this suit to Fish to secure a debt due to Fish for boarding Humphrey and his family, amounting to $800. There is no question in the case as to the *bona fide* of this transaction, the debt being actually due at the time of the transfer, and the bill of sale having been executed in good faith to secure the amount of this indebtedness. After this transaction, a judgment was recovered in a District Court against Humphrey, in an action brought against him by Sarah L. James, and in supplementary proceedings founded upon this action the plaintiff in the present action was appointed receiver. This judgment was recovered on the 3d of February, 1877 ; and on the 4th of June following an order was served upon the defendant, Fish, for his examination as a third person having property of the judgment debtor, and enjoining him from making any disposition or transfer of property belonging to the debtor, which proceeding was continued by adjournment until November 24th, 1877, when Fish was examined. It appeared by his examination, as well as by the evidence in the case, that before the service of this order upon the defendant, Fish, he had placed in the hands of his lawyer, Cronin, the bill of sale, to effect a settlement with Humphrey. Cronin saw Humphrey, and agreed with him to return the property if he paid a large share of the amount due, which Humphrey admitted to Cronin to be about $800.

Humphrey paid $230. A transfer of the property was agreed upon, on the payment of a further sum, and Cronin signed a written transfer on May 1st, 1877, leaving the name of the person to whom the property was to be transferred blank, and retained' the instrument in his possession ; all of which, as I have said, took place before the order was served upon Fish in the supplementary proceedings. Several months afterwards, or a few days before the 14th of September, 1877, and before the defendant, Fish's, examination in the supplementary proceedings, a brother of the debtor, Humphrey, called upon Cronin, and to close the transaction proposed to pay $200, which Cronin accepted, making in all $430, and leaving unpaid $370 of the debt originally due to Fish. Fish desired a larger sum than the $430 ; but Cronin, as his attorney, accepted the amount in satisfaction of the debt, and gave a receipt in full for it, as Fish's attorney. . He filled in the name of Humphrey's brother in the transfer, and gave it to him as closing the transaction. Fish recognized and approved the act of his attorney by delivering up the property, upon an order written by J. A. Humphrey on the back of the assignment made to him by Cronin, directing that the property should be delivered to Humphrey, the judgment debtor. This order for the delivery of the property to the judgment debtor bore date November 5, 1877 ; and when Fish was examined on the 24th of that month following he testified that he had so delivered it.

Upon this state of facts, the plaintiff, as receiver, without making any demand upon Fish, brought an action of claim and delivery in the detinet, in the Sixth District Court, to recover the property; and these facts appearing, the justice gave judgment for the defendant.

The judgment was right. The plaintiff, as receiver, could acquire no right to the property; the title to which vested in Fish by the bill of sale, which was in the nature of a mortgage. All that the plaintiff could acquire as receiver was the interest of the mortgagor, and that was a right to have the property upon the payment to Fish of the amount due to him. I wholly fail to see how he could

maintain an action in the nature of replevin to recover it as the owner, or as one lawfully entitled to take it into his possession. The property, upon the plaintiff's own showing, was not worth the amount of the debt it was meant to secure; the value which the plaintiff's witness put upon it, and which was evidently a loose estimate, being but $500; and the probability is, that the amount for which Cronin assigned it to the judgment debtor's brother ($430) was about its real value.

It is unnecessary to consider the point chiefly discussed in the argument, whether a demand was necessary to entitle the plaintiff to maintain an action for it, as property belonging to him in law and unlawfully detained from him, as he clearly had no right as receiver to anything except any interest which the judgment debtor might have in it, after the payment of the debt that was due to Fish; and that he had none, was apparent by the fact that the property, even at the estimated value put upon it by the plaintiff's witness, was wholly inadequate to pay that debt.

It is suggested by the appellant that a receiver has all the rights in a judgment debtor's property which a sheriff could acquire by a levy; but a sheriff cannot levy upon property mortgaged by the debtor, unless the property is in the debtor's possession. If the mortgagee has the right of possession, or has reduced the property to possession, as was the case here, then the mortgagor has no interest therein except the right of redemption, which, unaccompanied by possession, is not susceptible of levy and sale upon execution. (*Farrell* v. *Hildreth*, 38 Barb. 178; *Mattison* v. *Baucus*, 1 N. Y. 295; Croker on Sheriffs, § 462.)

The judgment of the justice was therefore right, and should be affirmed.

VAN HOESEN, J., concurred.

Judgment affirmed.