PARMENIO W. CUTLER, Respondent, *v.* THE JAMES GOOLD COMPANY, Appellant.

*Damages for the conversion of personal property — measure of — the right of a mortgagor, to redeem a chattel taken by a mortgagee, is not the subject of an attachment.*

In this action, brought by the plaintiff to redeem a landau, sold to him by the defendant, from the lien of a chattel mortgage given back to the defendant at the time of the purchase, it appeared that the defendant had wrongfully retaken the landau from the plaintiff, after the latter had tendered and offered to pay the amount due on the notes secured by the mortgage, and thereafter sold the same at public auction. Upon the trial the plaintiff proved that the value of the use of the landau was three dollars per day, and the court allowed as damages one dollar per day up to the time of the decision.

*Held,* that it erred in so doing; that the measure of the plaintiff's damages was the value of the landau at the time it was taken, with interest thereon.

The defendant alleged in his answer that, after the landau was taken by him from Auburn to Albany, a warrant of attachment was issued, in an action brought by him against the present plaintiff, under which a levy was made upon the landau by the sheriff of Albany county; that at the time of the sale of the landau under the chattel mortgage the sheriff was present and demanded the payment to him of the surplus of the proceeds of the sale remaining after satisfying the mortgage and the expenses thereon, and that such surplus was paid to the sheriff; that judgment was recovered in that action and an execution issued thereon, upon which he applied the amount so received.

*Held,* that evidence offered to prove these facts was properly excluded by the court as immaterial, as the equitable interest of the plaintiff in the equity of redemption was not reached by the levy of the attachment, nor in any way affected by it.

Appeal from a judgment in favor of the plaintiff, entered upon the decision of the Cayuga Special Term.

The action was brought to redeem a landau from a mortgage, arising out of the following facts: On the 6th day of September, 1884, the plaintiff purchased of the defendant a landau, at the price of $900, paid $500 and gave sixteen promissory notes for twenty-five dollars each for the balance of the purchase-price, payable to the order of defendant at the First National Bank of Auburn, with interest, one of which became due each of the following sixteen months, and to secure such payment the plaintiff gave to the defendant a mortgage on the carriage, by which he sold it to the defendant

and further provided that if he should make payment of the notes as they became due it should be void; that the plaintiff should procure, and continue until payment, the insurance of the property for the benefit of the defendant, and in case of default in either respect, or in case the defendant should sooner choose to demand the property, it should be lawful for the defendant, and it was empowered to take, carry away and sell the property at public or private sale, and retain out of the proceeds of the sale the amount remaining due, but that the plaintiff might have the possession and enjoyment of the property until default, unless the defendant should sooner choose to demand it, and until such demand should be made the possession of the plaintiff would be deemed that of an agent or servant for the sole benefit of the defendant. Ten of these notes were paid at their maturity, and before the next one of the series of notes became due, and on or about the 30th day of July, 1885, the agent of the defendant went to Auburn, where the plaintiff resided, and demanded, took and carried away the landau to the city of Albany.

At the time of the demand, and before the carriage was taken away, the plaintiff offered to pay to such agent, and then and there tendered to him, the full amount of the notes remaining unpaid, but required as a condition of giving him the money so tendered that the notes should be delivered up to him. This was not done. The agent did not have them in his possession, nor did the defendant afterwards offer to deliver up the notes and take payment. The defendant's place of business was Albany, N. Y. After the defendant had so taken the carriage into its possession, and on the same day, this action was brought for its redemption. The defendant proceeded to advertise the property for sale, and did, on the 17th day of August, 1885, sell it at public auction in the city of Albany. The trial court directed judgment against the defendant for the value of the landau at the time it was taken ($800), less the amount then unpaid of the notes ($158.10), amounting to $641.90, and for $351 damages for the use of the property, with costs. The defendant appeals.

*Arthur L. Andrews*, for the appellant.

*J. Rosecrans*, for the respondent.

BRADLEY, J. :

The facts found by the trial court are supported by the evidence, and they justify the conclusion that the plaintiff was entitled to maintain his action to redeem. His right under the mortgage was that of redemption from the sale, by payment of the amount secured by it. When this right at law of a mortgagor is terminated, there remains in him an equity of redemption, by the recognition of which the courts may afford him relief, until it is extinguished by sale by virtue of the mortgage. The evidence was sufficient to support the plaintiff's title as found by the court. And while there is some conflict of evidence in respect to the manner that the tender and offer of payment were made, it permitted the conclusion of the court that the plaintiff had tendered, and offered to pay a sum somewhat exceeding the amount of the six unpaid notes. And the fact, that the notes were negotiable and then not due, justified the plaintiff in requiring that they be delivered up as a condition of parting with the money so tendered.

In view of these facts, and as they were found by the court, the taking of the landau by the defendant, transporting it to Albany, and there proceeding to sell it under the mortgage, seems to have been an unreasonable exercise of power, and without the observance of the rights of the plaintiff, to such extent as to justify the court in charging the defendant with costs.

The question of the measure and amount of damages, presented by the exception taken to the conclusion of the court in that respect requires some consideration. The plaintiff proved that the value of the use of the carriage was three dollars per day, and the court allowed as damages one dollar per day up to the time of the decision. There are no special circumstances appearing to take this case out of the ordinary rule applicable to the measure and allowance of damages arising out of the taking and appropriation of personal property, which has a value in its use, nor does it appear that the plaintiff was unable to go into the market and purchase another carriage of like character. Assuming that its place could reasonably have been supplied by another, the value of the use as damages in this case should, we think, have been limited to a reasonable time, within which to do that, after the sale of the carriage was made by the defendant.

In an action for redemption of property, real or personal, the plaintiff may recover the rents and profits of the property, or, what is the same thing, for the use of it during the time he is deprived of such use, but this is because he recovers the property itself, and if personal property it may then be depreciated in value. But here the recovery is not of the property, or of its value at the time of the trial or judgment. The plaintiff recovers the value as of the time it was taken from the possession of the plaintiff. In an action where the plaintiff recovers the value of property as of the time of the trial, or when by the judgment he may be required to take the property, the reason applies which may enable him to recover as damages, the value of the use of which he has been by the defendant deprived, when there is a value in its use.

Such is the nature of actions to recover the possession of personal property, and such there may be the rule of damages, because the party recovering may be required to take the return of the property, and the value of it is assessed as of the time of the trial, and any depreciation in value or loss occasioned by deprivation, is measured by the damages allowed and recovered. (*Brewster* v. *Silliman*, 38 N. Y , 423; *Allen* v. *Fox*, 51 id , 562; *N. Y. G. & I. Co.* v. *Flynn.* 55 id., 653.)

Although there may be circumstances which will permit the recovery of special damages of the character of those awarded in this instance, not within the rule before stated, none appear by the evidence here to justify it beyond those before suggested, and interest upon the value of the property, from, and after such reasonable time within which the plaintiff might recover the value of the use of it. The value of personal property is ordinarily depreciated by use, and when the value, as of the time it is taken from the party entitled to it, is adopted as the measure of recovery in that respect, it would seem to be difficult by any well defined rule to apportion the value of the use, and the amount of the concurrent depreciation in value, so as to produce a residue for the use. There is no evidence appearing in this case to furnish any aid in that direction. As a general rule when the measure of damages for the taking and appropriation of property, is the value at the time of the taking, such value and interest upon it constitute the extent of the recovery. And this case, as presented by the evidence,

does not require here any particular reference to the exceptions to such rule.

The defendant, by the answer, alleges that after the landau was taken to Albany, a warrant of attachment was issued in an action brought by the defendant against the plaintiff, and levied upon the carriage by the sheriff of Albany county; that at the time of the sale of it upon the mortgage the sheriff was present, and demanded the payment to him of the surplus of the proceeds of the sale remaining after satisfying the mortgage and the expenses thereon; that such surplus was paid to the sheriff, and that judgment was recovered in that action, and execution to him issued, upon which he applied the amount so received by him.

The defendant offered the warrant of attachment, judgment-roll, etc., in that action in evidence; they were excluded and exception taken. The defendant's counsel contends that the rejection of this evidence was error. The legal title to the property at the time of the alleged levy of the attachment was in the party plaintiff in that action, while the right of the defendant there and plaintiff here was in the equity of redemption only. This equitable interest was not reached by the levy of the attachment in the manner in which it was alleged to have been made. The levy alleged was made as upon property of a debtor capable of manual delivery, which embraces that only of which he has, in whole or in part, the legal title. (Code Civil Prc., §§ 644, 649.)

The right of the plaintiff at that time was one in action, and dependent on its declaration in his behalf by the court, and it then had no existing tangible quality subject to levy by attachment, and the officer thus seeking to make the levy acquired no lien which he could enforce by action. (*Mattison* v. *Baucus*, 1 N. Y., 295; *Thurber* v. *Blanck*, 50 id., 80; *Anthony* v. *Wood*, 96 id., 180; *Lawrence* v. *Bank of the Republic*, 35 id., 320.) This action was brought and the recovery had upon the theory that the defendant had no right to extinguish by sale of the property the equity of redemption of the plaintiff, and such was the effect of the judgment. It would seem to follow that the defendant could not through the sale produce a surplus of proceeds, or any proceeds for the plaintiff, subject as such, to application by means of the process of attachment and of execution upon the judgment which the defendant recovered

against the plaintiff. (*Thurber* v. *Blanck*, 50 N. Y., 80.) The evidence so offered was, therefore, wholly immaterial in this action, and its exclusion was not error. No other question requires the expression of consideration, and none of the exceptions, other than that relating to the damages, seem to have been well taken.

The judgment should be reversed and a new trial granted, costs to abide the event, unless the plaintiff stipulate to reduce the recovery, exclusive of costs, to $641.90, and interest thereon from the 30th day of July, 1885, and in that event, the judgment must be so modified, and as so modified affirmed, without costs of this appeal to either party.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

So ordered.