By the Court. Hoffman, J.
The case is briefly reduced to this:—An owner of personal property has mortgaged it to secure a sum payable on demand, with a stipulation, that until default in the payment, he, the mortgager shall remain in possession. Before any demand, and while in possession, a judgment is recovered against him. But the property was by law exempt from execution. The sheriff has seized it. The action is to recover the value of the articles thus taken. Can it be sustained ? The defence is, that the mortgage vested every right in the mortgagee, so that the plaintiff has not an interest which enables him to sustain a suit.
In the case of Hull v. Carnley, (2 Duer, 103,) the mortgage was *504 dated the 14th of August, 1850, to secure $250. Of this sum, $100 was payable in six months: viz., on the 14th of February, 1851, and $130 in one year, viz., the 14th of August, 1851. The judgment and execution were in September, 1850. No part, therefore, of the mortgage-money was due, and the provision in the mortgage was like that in the present case, that the mortgager might remain in possession until a default in the payment.
The decision in this court involved these points, applicable to the present case:—That a chattel mortgage vests the whole title in the mortgagee, where, by its terms, he is entitled to the immediate possession. The property, in such case, cannot be levied upon'under an execution against the mortgager, even if he have remained in possession. He is but a baillee at sufferance. But if the mortgager be entitled to possession for a definite period, and is in possession, the weight of authority appears to be, that his possessory interest is the subject of a levy and sale.
This last proposition received in the Court of Appeals in the same case, an explicit sanction. Denio, J., treats it as established law, (1 Hernán, 505.)
The difference between this court and the Court of Appeals, consists -in the latter holding that the sheriff may sell in such case the whole interest, without recognising the lien of the mortgage. This difference is of no consequence upon the present question. That question is, whether there is any reasonable ground for a distinction between the case of a mortgage payable at a future day, and one payable on demand, where there is a possession retained and held by express stipulation ?
In the one case there is an allotted period fixed until the expiration of which, the right is entire, and the interest leviable. In the other, the period is to be limited by a future, not an existing, determination, of the mortgagee. It may be of a long or a very brief duration; but it is perfect until that decision, which terminates it, is made known. While that is in suspense, the actual right and enjoyment are as complete and absolute, as in the case of a definite period prescribed for payment.
Portions of the reasoning of the learned Judges, both in the Court of Appeals and in this court, appear to support this view. Judge Denio says:—“Assuming the chattel mortgage to have been a valid instrument, (and I see no reason to doubt but that it *505 was such,) the sheriff had a right to sell the interest of the mortgager, and to deliver the property to the purchaser, and the purchaser was warranted in taking it into possession, and in using it until the day of payment; and he had, moreover, the right to pay the mortgage debt, and thus extinguish the lien.” Why is not such a right the proper subject of a private sale, and of a levy, when the possession and right are indeterminate, as when it is ascertained ?
Justice Duer, also, in delivering the opinion of this court, observes, that “the main object of a mortgagees distinguished from a pledge, is to enable the debtor to retain the possession and enjoyment of the property so long as he fulfils the conditions of the contract; and this is just as true of a mortgage of chattels as of lands.” Now, no one will deny that the interest of a mortgager of lands, whose debt was payable on demand, would be liable to a sale on an execution against him.
The levy then, would, in my opinion, have been perfectly justifiable, but for the question of exemption. It would have been legal as made upon the property of the plaintiff subject to an execution. But the moment we arrive at this conclusion, the defence fails, for this property of the plaintiff was exempted by the law from an execution.
It is necessary to examine carefully one of the points on the part of the defendant, which has raised some doubts in our consideration of the case.
It will have been noticed, that our conclusion is, that the mortgager in a case like this, is, until demand and refusal, in precisely the same position as if the debt was not payable until a fixed, future period. It is also to be noticed, that the Court of Appeals hold, that the purchaser under the execution against the mortgager, takes the goods subject to the mortgage. The mortgagee also could here have sustained replevin; at any rate, upon making his demand for payment.
In our opinion, a mortgagee who thus neglects his rights; who omits a demand; whose claim was not, from what here appears, known to the sheriff; and who may pursue the goods with his lien, cannot sustain an action for the taking of goods, which could be lawfully levied upon and sold. His marked negligence cannot entitle him to a privilege. He was not, in strictness, an owner *506 until demand. In the analogous case of a pledge, it is well settled, that where the deposit is for an indefinite time, or where the debt is payable on demand, the pledgee cannot sell until he has called upon the pawner to redeem. (Garlick v. James, John. Rep. 150; Wilson v. Little, 1 Sand. S. C. Rep. 356.)
In the case of Hinman v. Judson, (13 Barbour’s Rep. 629,) some important and relevant points are recognized and decided. That the mortgagee of chattels, after forfeiture, the debt being due, is the absolute owner; that the mortgager had still a right to redeem, in equity, before the Code; that, in trover, the mortgagee could, however, have recovered the whole value of the goods taken: it would not be limited by the amount of his demand. But, since the Code, a defendant could avail himself of any equitable defence formerly available in chancery; and hence, where the defendant was a purchaser, under an execution, against a mortgager in possession before the day of payment had arrived, the mortgagee could only recover,-in damages, the'amount of this claim and interest. The interest of the mortgager was plainly vendible, under an execution.
It appears to us, therefore, clear, that, but for the statute of exemption, there would have been a vendible interest in the present case, and that the sheriff would have been fully justified in seizing and selling the property. The mortgagee would have been bound to protect his own interests. As between the sheriff and the plaintiff, the property must be treated at its full value.
The counsel have assimilated the case to that of a bailee; as if, for example, the debt had become due, arid the mortgagee^ right was consummated. In such a case, the bailee, I apprehend, would be a mere depositary; but, as such, he could maintain trover. ( Wateman v. Robinson, 5 Mass. 303; Story on Bailment, p. 110; Lyle v. Barker, 5 Binney, 457.) Mr. Parsons states the rule to be, that the bailee has a special property, and may maintain any action which requires such property in the plaintiff, against a third party, for an injury to the pledge, and a judgment in such action, brought by the" pledgee or the pledgor, would bar an action, for the same cause, by the other party. On Contracts, (vol. i., p. 592)—citing three cases from the Year Books, and Fleuellen v. Race, (1 Bulstrode, 68)—Justice Story (on Bailment, 94,) states that both bailor and bailee may sustain an action against a wrong doer, and that a rec *507 overy by one, will bar an action by the other—citing 2 Saunders, (47,) with other authorities.
But we do not deem it necessary to enter into a question of no little difficulty in its application. We treat this as a chattel-mortgage, similar, for the present question, to one where the right of possession is for a definite period.
There must be judgment for the plaintiff, upon the verdict, with interest and costs.

 But Bee Howland v. Willet, (3 Sand. S. C. R. 60Í).