## DENNIS O. FARRELL *vs.* WILLIAM HILDRETH.

In order to bring the interest of a mortgagor of chattels within the power of an execution, there must be an absolute right of possession for a certain and definite period, at the time the levy is made.

If the time is uncertain or contingent, it cannot be certain or absolute; and if it be contingent and liable to be defeated at any moment, it is not for a definite period.

A provision, in a mortgage, allowing the mortgagee, in case he shall at any time deem himself insecure or unsafe, to take possession of the property and sell it, previous to the time fixed for the payment of the debt, destroys the mortgagor's implied right to remain in possession a moment, provided the mortgagee shall deem himself insecure, and leaves him a mere tenant at sufferance. The nature of his interest is thereby determined to be uncertain and contingent.

And if a sheriff, in such a case, with notice of the mortgage, and after demand of the property by the mortgagee, proceeds to sell the same, on execution against the mortgagor, he renders himself liable to the mortgagee.

THIS was an appeal from a judgment of the county court of Ontario county, reversing the judgment of a justice of the peace. The action was brought to recover for the wrongful conversion of a wagon and a yearling heifer, which property the plaintiff claimed by virtue of a chattel mortgage executed to him by John Farrell, the owner of the property. The mortgage was executed January 23d, 1860, and was filed in the town clerk's office on the 24th day of the same

month.   It was given to secure the payment of $50 and inter-
est in one year from the date.   It contained the following
clause: " And in case the said Dennis O. Farrell shall at any
time deem himself insecure or unsafe, it shall· be lawful for
him to take possession of such property and to sell the same
at public or private sale, previous to the time above men-
tioned for the payment of said debt," &c.   The answer was a
general denial, and it also alleged that the mortgage was
fraudulent and void as to judgment creditors.   The defend-
ant, as sheriff of Ontario county, by one of his deputies, levied
upon the property on the 9th day of April, 1860, by virtue
of an execution issued upon a judgment recovered by David
Pomeroy against John Farrell, the mortgagor, previous to the
execution of the chattel mortgage.   The plaintiff proved a
demand of the property, of the sheriff, which was refused, and
the plaintiff forbade the sale.   The sheriff sold the property,
on the execution.   The cause was tried, in the justice's court,
before a jury; who found a verdict in favor of the plaintiff
for $46 damages and costs, and the justice entered judgment
for the plaintiff thereon.

*E. W. Gardner*, for the appellant.

*E. M. Mason*, for the respondent.

*By the Court*, WELLES, J. .The only question in this case
requiring particular consideration is whether, at the time of
the levy or the demand by the plaintiff of and upon the prop-
erty in question, John Farrell, the judgment debtor and
mortgagor, had an interest in the property, liable to be levied
upon and sold on execution against him.   The mortgage was
given on the 23d of January, 1860, and filed in the proper
town clerk's office the next day, January 24th.   It contained
the usual insecurity clause in chattel mortgages.   The levy
by virtue of the execution in favor of Pomeroy was on a sub-

sequent day, but before the day appointed for the payment of the money secured by the mortgage.

It is well settled that the interest of a mortgagor, having a right to redeem, and a right to the possession of the mortgaged property for a definite period, may be sold on execution. (*Mattison* v. *Baucus*, 1 *Comst.* 295, *and authorities there cited.*) It is equally well settled that where the mortgagor has retained no other interest in the property than an equity of redemption, such interest is not the subject of levy and sale. (*Mattison* v. *Baucus, supra.*) A great many other cases, to the same effect, might be cited. In order to bring the interest of the mortgagor within the power of an execution, there must be an absolute right of possession for a certain and definite period, at the time the levy is made. If the time is uncertain or contingent, it cannot be certain or absolute ; and if it be contingent and liable to be defeated at any moment of time, as in the present case, it is not for a definite period. Who would enter into competition at the sale when he knew that if he purchased, his title might be defeated the next moment, by the claim of the mortgagee under the insecurity clause. The nature and extent of the interest remaining in the mortgagor immediately after the execution and delivery of the mortgage, is the test, unless that interest has changed and become enlarged afterwards and before the levy.

The mortgage conveyed all the mortgagor's title and interest in the property to the mortgagee, subject to be defeated by payment by the law day. By the express provision in the mortgage securing to the mortgagee, in case of non-payment when the money became due, the right to take possession and sell, &c.; an agreement was implied on the part of the mortgagee to allow the mortgagor to remain in possession until the money became due, (*Hall* v. *Samson*, 19 *How. Pr. Rep.* 481 ;) except for the subsequent provision in the mortgage, allowing the mortgagee to enter and sell at any time when he felt insecure, &c. That clause destroyed the mort-

gagor's right to remain in possession a moment, provided the mortgagee deemed himself insecure, and left him a mere tenant at sufferance. The nature of his interest was thereby determined to be uncertain and contingent; and, I had supposed, determined the question against the right of an execution creditor to levy and sell. But if a demand by the mortgagee was necessary, as is held in the case last cited, there was evidence of one in this case, at least sufficient to submit to the jury. There was abundant ground for a feeling of insecurity on the part of the mortgagee; the sale was forbidden and the property demanded; and all the questions were submitted to the jury. And the return does not show that any objection was raised or point made on the trial, on the question of the form or sufficiency of the demand. The jury, under the evidence, would have been well warranted in finding that the mortgagee felt himself insecure and unsafe, and therefore made the demand and forbade the sale. The defendant's deputy, notwithstanding, and after direct personal notice of the mortgage, proceeded to sell the property.

The judgment of the county court should be reversed, and that of the justice affirmed.

[MONROE GENERAL TERM, September 1, 1862. *Johnson, J. C. Smith* and *Welles,* Justices.]