JOHN F. WAGNER *et al.* Respondents, *against* DAVID JONES, Appellant.

(Decided January 7th, 1878.)

The purchaser, at a sale under an execution, of chattels subject to a mortgage, has the same right to attack the validity of the mortgage as is possessed by the execution creditor, unless the chattels are sold expressly subject to the mortgage.

Where a chattel mortgage obviously contemplates though it does not expressly provide for the consumption of some of the mortgaged chattels by the mortgagor, in the manufacture of beer, the sale of the beer, the use of the proceeds in the business of the mortgagor, the purchase of other chattels to replace those consumed,

the continuance of the mortgagor in possession until a breach of condition, and contains a provision that the mortgage covers the chattels to be purchased, it is void as against a creditor of the mortgagor or those succeeding to his rights.

Where there is no appeal from an order denying a motion for a new trial made upon the minutes, the question whether or not the verdict was rendered against the weight of evidence, or on insufficient evidence, cannot be considered on appeal from the judgment.

APPEAL by the defendant from a judgment of this court in favor of the plaintiffs, entered upon a verdict rendered at a trial before Chief Justice CHARLES P. DALY, and a jury.

This action was brought against Jones to recover the value of certain chattels of the plaintiffs, alleged to have been wrongfully taken from plaintiffs' premises and carried away by the defendant, and to recover other damages for such wrongful taking.

The answer was a general denial, and contained a separate defense that the chattels had been mortgaged by one Meyer, a former owner, to Jones ; that the mortgage covered specified chattels used in brewing ; kegs, beer manufactured and in course of manufacture ; and all other goods of Meyer that should be on the premises at the foreclosure of the mortgage, and procured to replace those on the premises, or in addition thereto ; that the mortgage was duly filed ; that upon default of Meyer to pay the sum secured Jones took possession, and that this was the taking alleged in the complaint.

It appeared upon the trial that the plaintiffs' title to the chattels was obtained by purchase of certain persons, who bought the same at a sale thereof by the U. S. Marshal, under a decree of the U. S. District Court of condemnation and forfeiture, for violation by Meyer of the internal revenue laws.

*Smith & Woodward*, for appellant.

*Westervelt & Greenfield*, for respondents.

VAN HOESEN, J.—The defendant did not move for a dis-

Wagner v. Jones.

missal of the complaint, either at the close of the plaintiff's testimony or at the close of all the evidence in the case, nor did he appeal from the order denying his motion for a new trial upon the minutes. The principal, if not the only, ground for the motion for a new trial is, that the verdict was against the weight of evidence. As there was no appeal from the order denying the motion for a new trial, the point that the verdict was against the weight of evidence, or upon insufficient evidence, cannot properly be considered by us. (*Matthews* v. *Meyberg*, 63 N. Y. 656.) Nevertheless, the counsel for the defendant was, at the time of the argument, so strongly persuaded that the verdict of the jury had done the grossest injustice to his client, that I have thought proper carefully to examine the testimony, with a view to the righting of the wrong, if I should discover that wrong had been done. A sifting of the evidence has satisfied me that the case was disposed of fairly. The amount of the verdict may be greater than some other jury might have awarded, but there is no ground for saying that the damages are excessive. Juries differ as judges do, but the jury who tried this case certainly were not swayed by passion or prejudice in awarding damages to the plaintiff. I find ample testimony to sustain their verdict. It is the right of the jury to discriminate between witnesses, and the defendant has no ground of complaint in the fact that the testimony of the plaintiffs' witnesses was more satisfactory to the jurors than the testimony elicited from his own witnesses.

Passing the objection that the defendant is not entitled now to move for a new trial, because he did not move for a non-suit, or for a direction that the jury find a verdict in his favor, and examining the grounds upon which the defendant seeks to reverse the judgment, I think it is plain that a purchaser, at a sale under an execution, of property subject to a mortgage has the same right to attack the validity of the mortgage that is possessed by the creditor under whose execution the property is sold. (*Hildreth* v. *Sands*, 2 Johns. Ch. 36; *Porter* v. *Parmley*, 52 N. Y. 190.) The exception is where the property is sold expressly subject to

the mortgage (*same case*). If the purchaser has that right, the only remaining question is, whether the mortgage in question was valid or invalid.

I think it was invalid. The mortgage covered malt, hops, coal, wood, pitch, beer manufactured and in process of manufacture, and all other goods, wares and merchandise, whether enumerated or not, that might be procured to replace any of the chattels on or about the premises or in addition thereto. The mortgagor was a brewer, and the premises referred to were a brewery in which brewing was carried on, with the materials covered by the mortgage. The mortgage obviously contemplates the sale of the beer, the consumption of the malt, hops and fuel, and the introduction of other materials to replace those used and disposed of. The mortgagor was to use the proceeds in his business. The mortgagee was necessarily aware of all this.

It seems to me that the case of *Mittnacht* v. *Kelly* (5 Abb. Pr. N. S. p. 442) is directly in point, and that the mortgage was void as against the creditors of the mortgagor. The counsel for the defendant contends that there is a distinction between the case last cited and the case at bar, in this, that in the former the mortgage expressly provided that the mortgagor should remain in possession until default in payment of the mortgage debt. The mortgage held by the defendant, though not in terms, yet by necessary implication, contains a provision of like import. The obvious meaning of the mortgage is, that the mortgagor should retain possession until default in payment, or until he should remove the goods, or suffer a judgment to be entered, or an attachment to be issued, against him. Though the conditions upon which the mortgagee might take possession are more numerous in this mortgage than in the mortgage in the Mittnacht case, it was the intention of the parties to the mortgage that the mortgagor should keep possession till the happening of an event which would give to the mortgagee the right to take the property. (*Hathaway* v. *Brama*, 42 N. Y. 325 ; *Hall* v. *Sampson*, 35 N. Y. 277.) The right of possession remained in the mortgagor, his interest was subject to levy and sale

under an execution, and the purchaser at such a sale acquired the same right to attack the mortgage which the law gave to the execution creditor.

The learned judge submitted to the jury the question whether the defendant was privy to the sale by Meyer, in the course of his business, of a portion of the property covered by the mortgage. They found that he was, and that he was privy to the use of the proceeds by Meyer in the business of the brewery. The evidence fully sustains the finding.

I have examined the case as I should have been bound to examine it if a motion for a non-suit or for a direction of a verdict had been made at the trial, and if an appeal had been taken from the order denying the motion for a new trial on the minutes ; and it will be seen that I should then have been in favor of affirming the judgment.

The judgment should be affirmed with costs.

JOSEPH F. DALY and LARREMORE, JJ., concurred.

Judgment affirmed with costs.*

---

* Affirmed by Court of Appeals.