26  353
60   17
26  353
27ap629,
26  353
f161a505

JAY BALL, PLAINTIFF, *v.* EDWIN P. SLAFTER, DEFENDANT.

*Chattel mortgage — when a general assignee of the mortgagor may treat it as void — 1858, chap. 314 — parol evidence is inadmissible to contradict its terms — if the mortgagor is allowed to sell goods and pay the debt from the proceeds, the mortgage must require all sales to be made for cash.*

A chattel mortgage containing a provision allowing the mortgagor to sell the property covered by it at retail for his own benefit, is fraudulent as to his creditors, and one to whom he has made a general assignment may, under chapter 314 of 1858, treat the mortgage as void, and take and retain the property covered thereby.

*Semble,* That the right given by that statute to the assignee to have a transfer of property by the debtor declared void, extends only to defects based upon fraud or fraudulent intent.

A chattel mortgage, given to secure the plaintiff for indorsing notes of the mortgagor, provided that the mortgagor should have the privilege of selling any of the mortgaged property which he then had on hand and in stock, or which he might thereafter purchase to replenish his stock, provided that the stock should not be reduced below $6,000. Upon the trial of this action, brought to recover the property from a general assignee of the mortgagor, the plaintiff offered to show that prior to and at the time of the giving of the mortgage, it was agreed that the goods were to be sold and the notes paid with the proceeds thereof.

*Held,* that the parol evidence was inadmissible as contradicting the terms of the mortgage.

That even if the agreement was proved it would not render the mortgage valid, as it did not require the sales to be made for cash.

*Ford* v. *Williams* (24 N. Y. 359) distinguished and criticised.

MOTION by the plaintiff for a new trial on exceptions, ordered to be heard in first instance at the General Term, after a nonsuit at the circuit.

*M. M. Waters,* for the plaintiff.

*R. H. Duell,* for the defendant.

RUMSEY, J.:

The court having ordered a nonsuit, it was not regular to direct the exceptions to be heard in the first instance at General Term. (*Seely* v. *N. Y. C. and H. R. R. R. Co.*, 25 Hun, 280.) But as no objection is made to it we will consider the case.

The action is for the conversion of personal property. The plaintiff claims under a chattel mortgage dated November 7, 1878, but executed November 29, 1878. The mortgage was retained by the mortgagee and was not filed until March 19, 1879, at eleven o'clock in the morning.

The mortgage contains this clause, " this mortgage is given with the express understanding and condition that the said Eardley N. Johnson shall have the privilege of selling any of said stock of goods during the term of this mortgage, which he now has on hand and in stock, or any goods that he shall purchase to replenish said stock, from time to time, the said Eardley N. Johnson hereby agreeing that the said stock shall not be reduced to any sum less than $6,000, while said Jay Ball indorses for said Johnson." The mortgage was given to secure plaintiff for indorsing two notes for Johnson, and for renewals of the notes. On the trial the plaintiff testified that at the time the mortgage was made, it was arranged that Johnson was to sell the goods and pay the notes as fast as possible.

The defendant is assignee for the benefit of creditors of Johnson, under an assignment dated March 18, 1879, and recorded March 19, 1879, at 9:30 in the morning.

At the close of the evidence the defendant moved for a nonsuit on several grounds stated, among which were the following : that the mortgage was fraudulent as to him, because by the terms of it the mortgagor was permitted to sell the property for his own benefit, and because the mortgage was not filed before the delivery of the assignment.

By the law of 1858, chapter 314, an assignee for the benefit of creditors may, for their benefit, treat as void any transfer made in fraud of the rights of creditors. (4 Edm. Stat., 483.) Under this statute an assignee for the benefit of creditors has the same right to defend against a transfer which is fraudulent as to creditors, as has a creditor who has acquired a specific lien. (*Southard* v. *Benner*, 72 N. Y., 424.) The right given by that statute to invalidate a trans-

fer of property extends only to defects based upon fraud or fraudulent intent. (*Matter of Collins*, 12 Blatch., 548; *Southard* v. *Benner*, 72 N. Y., 424, 428.) Hence the defendant cannot take advantage of the failure to file the mortgage, for the statute does not say that such failure makes the mortgage fraudulent as to creditors, but simply that as to them it shall be void.

But the ruling was put upon the ground that by the express terms of the mortgage, the mortgagor was allowed to sell the mortgaged property at retail for his own benefit. If that fact is not disputed this case is directly within the case of *Southard* v. *Benner* (*supra*), and the decision was right.

That the mortgage does provide for a renewal of the notes, and that the mortgagor may sell the goods at retail, and that the notes were renewed, and goods sold for credit, was not disputed. It also appeared that the proceeds were not paid to the mortgagee. There is no doubt that this made the mortgage fraudulent and void as to defendant. (*Edgell* v. *Hart*, 5 Seld., 213; *City Bank* v. *Westbury*, 16 Hun, 458.) The plaintiff however insists that the agreement was that goods were to be sold, and the notes paid, and that the case is within *Ford* v. *Williams* (24 N. Y., 359). He swears that when the mortgage was made this arrangement was also made, but not in writing. It is clear that the parol arrangement was inconsistent with the terms of the mortgage, and as no mistake is alleged, the mortgage as between the parties expresses the true contract. (*Kelly* v. *Roberts*, 40 N. Y., 432.) Whatever may have been the talk between them, the mortgage expresses the completed contract and the one by which the parties were bound, and it is clear that by the terms of the mortgage it was contemplated, not that the notes were to be paid, but that they were to be renewed, and that new stock was to be bought which was to be subject to the mortgage, and that Johnson could not be required to pay the avails of the goods sold to the plaintiff. We think that the plaintiff is bound by the terms of the mortgage.

But if the parol arrangement was part of the contract, we do not think the plaintiff is any better off. He says that the parol arrangement was that Johnson would sell the goods and pay these notes as fast as possible. In *Ford* v. *Williams* the agreement was that the mortgagor was to sell only for cash, and apply the proceeds

on the secured debt. The agreement in this case did not require that the sales should be for cash, and as matter of fact they were on credit, and it did not necessarily require the proceeds to be paid on the notes when the sales were made. Indeed, the proceeds of the credit sales could not be so applied. While the case of *Ford* v. *Williams* is undoubtedly the law as far as it goes, we do not think it ought to be extended or applied to any case which does not come within it on the facts. The case at bar is not within it, and the mortgage is void. (*City Bank* v. *Westbury*, 16 Hun, 458 ; *Wagner* v. *Jones*, 7 Daly, 375.)

It is not necessary to consider the other points raised.

The defendant should have judgment on the nonsuit, with costs.

OSBORN, J., concurred.

LEARNED, P. J. :

The question whether a general assignee for the benefit of creditors can, under the act of 1858, resist as void a chattel mortgage, on the ground that it was not filed, is not involved in this case. I think it was not involved in the case of *Southard* v. *Benner*. It is not necessary to express any opinion thereon. Otherwise I concur.

Motion for new trial denied and judgment ordered for defendant on nonsuit.