THOMAS C. LYMAN *et al.*, Appellants, *against* PETER BOWE, as Sheriff of the City and County of New York, Respondent.

(Decided January 21st, 1884.)

The complaint in an action against a sheriff for a wrongful levy alleged that plaintiffs were owners of certain chattels, described in chattel mortgages annexed and referred to as part of the complaint; that such chattels were in the possession of the mortgagors, but the mortgage was long overdue; that defendant, as sheriff, wrongfully levied upon said chattels and converted the same to his own use; and that they were reasonably worth a certain sum, for which plaintiffs demanded judgment. The mortgages annexed were conditioned for the payment of certain sums of money on demand, and provided that until default in payment the mortgagors were to remain in possession. *Held,* that the complaint was properly dismissed, as not stating facts sufficient to constitute a cause of action.

APPEAL from a judgment of this court entered upon the dismissal of a complaint, and from the order dismissing the complaint.

The complaint alleged that the defendant, at the time mentioned, was the sheriff of the county of New York; that the plaintiffs, on or about the 6th day of March, 1882, were the owners of certain chattels, being the fixtures of a liquor store kept at No. 96 Monroe Street, in the city of New York; which goods were more particularly described and enumerated in the chattel mortgages and schedules thereof, annexed, and to which plaintiffs prayed leave to refer as a part of the complaint; that said fixtures on the day aforesaid were in the possession of John Leahy and Joseph Brady, at the store aforesaid, at 96 Monroe Street, in said city, who had executed the chattel mortgages before referred to, but which chattel mortgage was long overdue; that on the said 6th day of March, 1882, the defendant wrongfully and unlawfully levied upon said chattel fixtures, and converted the same to his own use; that said fixtures

were reasonably worth the sum of $400, for which sum plaintiffs demanded judgment.

Two mortgages by John Leahy and Joseph Brady to plaintiffs, with schedules, were annexed to the complaint conditioned for the payment to plaintiffs, the one, of the sum of $100, the other, of the sum of $200, upon demand; and each providing that until default be made in the payment of the said sum, the mortgagors were to remain in possession of the said goods and chattels.

At the trial, the complaint was dismissed on the ground that it did not state facts sufficient to constitute a cause of action, and judgment for defendant was entered thereon. From the judgment and the order dismissing the complaint, plaintiffs appealed.

*Edward D. McCarthy*, for appellants.—The mortgagors' right in the property was a right of redemption merely. It was not the subject of levy or of sale (*Mattison* v. *Baucus*, 1 N. Y. 297; *Otis* v. *Wood*, 3 Wend. 500; *Marsh* v. *Lawrence*, 4 Cowen 467; *Farrell* v. *Hildreth*, 38 Barb. 178; *Howland* v. *Willett*, 3 Sandf. 607).

A distinction has always been made between the case of a mortgagor in possession, who has the right to possession for a definite period, and of a mortgagor whose possession may be at any moment terminated by the act of the mortgagee. In the first case, the mortgagor has a leviable interest, but in the second case he has not.

In the present case, as between the mortgagor and the mortgagee, a demand would have been necessary before the plaintiffs could have taken the property. But as to the defendant, a third person simply armed with process against the mortgagors' property, no such demand was necessary. This follows from the fact that the mortgagor had no leviable interest in it. This point was held in the case of *Close* v. *Brennan* (12 N. Y. Week. Dig. 347). See also *Brown* v. *Cook* (3 E. D. Smith 123).

*Charles F. McLean*, for respondent.—The complaint does

not contain a statement of facts constituting a cause of action in the plaintiffs. The happening of the condition precedent to any title in them—a demand or payment and a consequent default—is not pleaded, nor is any fact stated showing that a demand had been made. Nothing is alleged to overcome the presumption of ownership arising from the fact of possession of the judgment debtor, and which fact would have rendered the sheriff liable to a suit by the judgment creditor in the process if he had not levied. The allegation in the complaint that a " chattel mortgage was long overdue," is at best a mere conclusion of law.

An instrument for the payment of money on demand is intended for a continuing security, and is. not due until demand (*Merritt* v. *Todd*, 23 N. Y. 28).

To maintain title, under a chattel mortgage, as against creditors, &c., possession or filing of the mortgage must be shown (*Steele* v. *Benham*, 84 N. Y. 634).

BEACH, J.—The chattel mortgages were conditioned for the payment of certain moneys on demand. No demand had been made on the mortgagors, and the respondent levied upon the property while in their possession. The interest of mortgagors having a right to redeem, and a right to the possession of the mortgaged property for a definite period, has been many times adjudicated to be subject to levy and sale on execution (*Mattison* v. *Baucus*, 1 N. Y. 295; *Hall* v. *Samson*, 19 How. Pr. 481; *Farrell* v. *Hildreth*, 38 Barb. 178).

The question presented by this appeal is whether or not the admitted possession by the mortgagors was for a definite or uncertain and contingent time. There is some confusion possible to arise from the cases of *Farrell* v. *Hildreth* and *Hall* v. *Samson* (*supra*). The mortgages in those cases contained the usual insecurity or danger clause. The learned justice writing the opinion in *Farrell* v. *Hildreth* evidently thought the clause rendered the interest of the mortgagor uncertain, and therefore not liable to levy under an execution, but the decision was founded rather upon the

fact of the sale having been made after demand by the mortgagee on the sheriff, and direct personal notice to him of the mortgage.

The case of *Hall* v. *Sampson* gives decidedly less effect to the insecurity provision. The opinion refers to a then recent decision by the same court, the case of *Warner* v. *Miller*, in these words: "In deciding this, we necessarily held that until the mortgagee exercised the power vested in him under the 'danger clause' in the mortgage, by obtaining or claiming the possession, for the reason that he deemed himself insecure, the mortgagor had an interest in the property, which was the subject of levy upon execution; that the right of the mortgagee to the possession of the property did not depend upon his mere pleasure, but upon the fact of his deeming himself insecure, which fact could only be established by his acts."

The question was directly adjudicated in *Hathaway* v. *Brayman* (42 N. Y. 322), the court saying: "Under the rule laid down in *Hall* v. *Samson* (35 N. Y. 274), the rights of the mortgagor and mortgagee are the same as they would have been if the mortgage had contained the express condition that the mortgagor was to continue in the possession until default in payment or until the mortgagee should deem himself unsafe, and should in consequence thereof take possession. And under such a mortgage as that, the rule clearly is that prior to such default or taking possession, the mortgagor has an interest in the mortgaged property which may be levied upon by execution against him, and will authorize the sheriff to take the property into his possession and sell it without reference to the mortgage."

In the case at bar there could be no default, with consequent right of possession, until demand of payment. This gives a far more definite character to the mortgagor's possession than if held with an insecurity clause in the mortgage. It was certain, because continuing until demand for payment, and until default then made, they had no right to take the property (*Wagner* v. *Jones*, 7 Daly 375).

Lyman *v.* Bowe.

The judgment should be affirmed, with costs and disbursements.

VAN BRUNT, J., concurred.

VAN HOESEN, J.—There is no doubt that there are *dicta* in *Hall* v. *Samson* and *Hathaway* v. *Braman*, as well as in several other cases decided by the Court of Appeals, that where a chattel mortgage gives to the mortgagor a right of possession till the payment of the mortgage debt be demanded, he has an interest in the mortgaged property that may be levied upon and sold. The case of *Livor* v. *Orser* (5 Duer 501), was a case in which the mortgagor, to whom the mortgage gave the right of possession until the payment of the debt was demanded, brought an action against the sheriff for levying upon the mortgaged property, which was alleged to be exempt from execution. The court held that the property was exempt, but that the property, if not exempt, would have been subject to levy under an execution against the mortgagor, inasmuch as the mortgage gave to the mortgagor the right of possession until payment was demanded. I do not think that these *dicta* should induce this court to overrule the decision which this court made, upon great deliberation, in *Brown* v. *Cook* (3 E. D. Smith 123). That decision is clearly to the effect that, though the mortgagor has the right of possession until the mortgagee demands payment, the interest of the mortgagor is not subject to levy.

I concur, however, in the correctness of the judgment rendered at the trial term.

Judgment and order affirmed, with costs.