validity in the law, and we are equally unable to see upon what grounds it can be held to be void.

BEACH, J., concurred upon the ground of Daniels' agreement being an original undertaking and valid.

---

## N. Y. COMMON PLEAS.

THOMAS C. LYMAN *et al.*, appellants, agt. PETER BOWE, as sheriff, &c., respondent.

*Chattel mortgage — When mortgagor has such an interest in the mortgaged property as may be levied upon and sold.*

Where a chattel mortgage gives to the mortgagor a right of possession till the payment of the mortgage debt be demanded, he has an interest in the mortgaged property that may be levied upon and sold.

*General Term, March,* 1884.

*E. D. McCarthy,* for appellants.

*Charles F. McLean,* for respondent.

BEACH, J. — The chattel mortgages were conditioned for the payment of certain moneys on demand. No demand had been made on the mortgagors, and the respondent levied upon the property while in their possession. The interest of mortgagors having a right to redeem, and a right to the possession of the mortgaged property for a definite period, has been many times adjudicated to be subject to levy and sale on execution (*Mattison* agt. *Baucus,* 1 *N. Y. R.,* 295; *Hall* agt. *Simpson,* 19 *How. Pr.,* 481; *Farrell* agt. *Hildreth,* 38 *Barb.,* 178).

The question presented by this appeal is whether or not the admitted possession by the mortgagors was for a definite or uncertain and contingent time. There is some confusion possible to arise from the cases of *Farrell* agt. *Hildreth* and

*Hall* agt. *Sampson* (*supra*). The mortgages in those cases contained the usual insecurity or danger clause. The learned justice writing the opinion in *Farrell* agt. *Hildreth* evidently thought the clause rendered the interest of the mortgagor uncertain, and therefore not liable to levy under an execution, but the decision was founded rather upon the fact of the sale having been made after demand by the mortagee on the sheriff and direct personal notice to him of the mortgage.

The case of *Hall* agt. *Sampson* gives decidedly less effect to the insecurity provision. The opinion refers to a then recent decision by the same court, the case of *Werner* agt. *Miller*, in these words : " In deciding this we necessarily held that until the mortgagee exercised the power vested in him under the ' danger clause ' in the mortgage, by obtaining or claiming the possession, for the reason that he deemed himself insecure, the mortgagor had an interest in the property, which was the subject of levy upon execution ; that the right of the mortgagee to the possession of the property did not depend upon his mere pleasure, but on the fact of his deeming himself insecure, which fact could only be established by his acts."

The question was directly adjudicated in *Hathaway* agt. *Brayman* (42 *N. Y.*, 322), the court saying : " Under the rule laid down in *Hall* agt. *Sampson* the rights of the mortgagor and mortgagee are the same as they would have been if the mortgage had contained the express condition that the mortgagor was to continue in the possession until default in payment' or until the mortgagee should deem himself unsafe, and should in consequence thereof take possession. And under such a mortgage as that the rule clearly is that prior to such default or taking possession the mortgagor has an interest in the mortgaged property which may be levied upon by execution against him, and will authorize the sheriff to take the property into his possession and sell it without reference to the mortgage."

In the case at bar there could be no default with conse-

Lyman *et al.* agt. Bowe.

quent right of possession until demand of payment. This gives a far more definite character to the mortgagor's possession than if held with an insecurity clause in the mortgage. It was certain, because continuing until demand for payment and until default then made, they had no right to take the property ( *Wagner* agt. *Jones*, 7 *Daly*, 375).

The judgment should be affirmed, with costs and disbursements.

VAN BRUNT, J., concurred.

VAN HOESEN, *J.* — There is no doubt that there are *dicta* in *Hall* agt. *Sampson* and *Hathaway* agt. *Braman*, as well as in several other cases decided by the court of appeals, that where a chattel mortgage gives to the mortgagor a right of possession till the payment of the mortgage debt be demanded, he has an interest in the mortgaged property that may be levied upon and sold. The case of *Livin* agt. *Orser* (5 *Duer*, 501) was a case in which the mortgagor, to whom the mortgage gave the right of possession until the payment of the debt was demanded, brought an action against the sheriff for levying upon the mortgaged property which was alleged to be exempt from execution. The court held that the property was exempt, but that the property, if not exempt, would have been subject to levy under an execution against the mortgagor, inasmuch as the mortgage gave to the mortgagor the right of possession until payment was demanded. I do not think that these *dicta* should induce this court to overrule the decision which this court made, upon great deliberation, in *Brown* agt. *Cook* (3 *E. D. Smith*, 123). That decision is clearly to the effect that, though the mortgagor has the right of possession until the mortgagee demands payment, the interest of the mortgagor is not subject to levy.

I concur, however, in the correctness of the judgment rendered at the trial term.