Dwight, J.
—The action was trover for the conversion of property taken and sold on execution by the defendant Cole as a constable, on a judgment against the plaintiff in favor of the defendant Johnson. The sale was forbidden by the plaintiff on the ground that the property was exempt from levy and sale on execution.
The plaintiff was a householder and the property was of a character to entitle it to exemption. The defense was that the plaintiff had forfeited his right to the exemption by fraudulent transfers of his property.
The evidence showed that he had, at various times before the levy of Johnson’s execution, made transfers of personal property to one, Wilson, by bills of sale, absolute in their terms, but which were filed as chattel mortgages, and which the plaintiff and Wilson testify were intended as security for indebtedness due to the latter or for contingent liabilities which had been assumed by him. These bills of sale covered substantially all the property the plaintiff had, except those articles on which the levy was made.
On the eighteenth of December, immediately after the levy, the plaintiff made another bill of sale to Wilson, covering the property levied on. It was, like the others, absolute in its terms, and like them, was filed in the town clerk’s office. It is admitted that Wilson knew when he took it that the defendant’s levy had been made.
*580 No effect is claimed, on behalf of the plaintiff, for this bill of sale as against the execution creditor; on the other hand the defendants insist that it had the effect to waive the plaintiff’s right to exemption of the property covered by it.
As it seems to us no effect whatever should be given to the bill of sale of December eighteenth, as between the parties to this action. Whether given in good faith or in bad faith, it had no effect to defeat the defendant’s execution because it was made after the levy and with knowledge on the part of the vendee that the levy had been made. Whether, on the other hand, it would effect the plaintiff’s right of exemption may depend upon whether, as between the plaintiff and Wilson, it was intended as an absolute transfer of the property or only as additional security for indebtedness. If the former then it might well be said, that a man cannot at the same time sell his property to another and claim it as exempt property of his own. But upon the evidence in this case, the course of dealing between the plaintiff and Wilson, the holding of this bill of sale and the retention of possession of the property by the plaintiff, it would seem that this transaction must be regarded only as an attempt to create a lien on the property in favor of Wilson, of no effect, whether in good faith or not, upon the lien and claim of the execution creditor, but equally of no effect upon the right of exemption of the owner of the property, because there seems to be no reason why a debtor may not give to one creditor a lien for security on his exempt property and yet claim its exemption as against all other creditors; and so it has been held he may do. Liver v. Orser, 5 Duer, 501.
The real question in this case seems to us to relate to the earlier bills of sale. If those were given in bad faith, and as a cover, and to prevent the property being taken by process of law to satisfy the plaintiff’s debts, and thus to hinder, delay and defraud his creditors in the enforcement of their remedies; if by such fraudulent means he has reduced his tangible property within the limits of the statutory exemption, he cannot claim that exemption for the property remaining unaffected by such transfers. Brackett v. Watkins, 21 Wend., 68.
The question upon which, we think, the result of this trial should have turned, seems not to have been submitted to the jury. The learned county judge in his charge refers to the earlier bills of sale, but only, as it seems, as evidence bearing upon the question of the good faith of the bill of sale of December 18th, and at the end, in response to a request which points to the effect of bad faith in the case of the earlier bills of sale, he seems to have virtually withdrawn that question from the consideration of the jury. The *581 instruction then was that the attention of the jury must be directed, and the evidence in the case applied, to the question of the intent which Bishop had in the transaction of the 18th of December, “to which ruling, charge and refusal the defendants duly excepted.”
This exception, we think, for the reasons above stated, was well taken, and must result in a reversal of the judgment.
Judgment reversed and a new trial ordered. Costs to abide event.
All concur.